HENRY M. WHITEHEAD, Respondent, *v.* ANDREW KENNEDY, Appellant.

The provision of the Code (§ 303), repealing former restrictions, and declaring that the measure of compensation for the services of an attorney shall be left to the agreement between him and his client, has no application to a contract in relation to services already rendered, but has reference only to prospective services.

As to whether said provision qualifies in any manner the general principle requiring an attorney, seeking to avail himself of a contract made with his client, to establish affirmatively that it was made by the latter with full knowledge of all the material circumstances known to the former, and was in every respect free from fraud on his part, or misconception upon the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him, *quære.*

The provision of the Code (§ 330) authorizing the appellate court on appeal from a judgment to reverse, affirm or modify the judgment does not authorize the General Term where it has decided that a judgment in favor of plaintiff in an action upon a contract for services, or upon a *quantum meruit,* is erroneous, to determine upon the examination of conflicting evidence what sum plaintiff ought to recover, and render judgment therefor ; it should in such cases award a new trial.

*It seems* that when in an action upon a contract a recovery has been had upon distinct and separate items, and error either of fact or law has been committed in respect to one or more of them, the General Term may, if no other error exists, instead of reversing the judgment absolutely, reverse it only as to the erroneous items, and affirm it as to the residue ; provided the plaintiff consents to forego his claim to recover them.

The authorities holding that on appeal from an order made on motion to set aside a verdict for excessive damages, in an action of tort for injuries to the person, the General Term has power to make an order reversing the judgment and granting a new trial, unless the plaintiff consent to reduce the damages to a specified sum, and in that case affirming it for that amount, distinguished.

*Whitehead* v. *Kennedy* (7 Hun, 230), reversed, but not upon points discussed below.

(Argued February 19, 1877 ; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon the report of a referee and ordering a new trial unless plaintiff stipulates to reduce the damages to $6,000 and interest, and in case stipulation was made, affirming judgment for that amount. (Reported below, 7 Hun 230.)

This action was brought by plaintiff as an attorney to recover for professional services.

The facts are sufficiently set forth in the opinion.

*Theodore W. Dwight* and *Samuel J. Glassey*, for the appellant. Transactions between attorney and client by which the former acquires the subject matter of a suit conducted by him, or a share in the subject matter, cannot stand. (*Welles* v. *Middleton*, 4 Cox, 112; *Mason* v. *King*, 2 Abb. Pr. [N. S.], 322; *Newman* v. *Payne*, 2 Ves. Jr., 199; *Savery* v. *King*, H. of L., 35 Eng. L. & Eq., 100; *Hatch* v. *Hatch*, 9 Ves., 296; *Walls* v. *Loubat*, 2 Den., 607; *Wood* v. *Downs*, 18 Ves., 120; 3 W. & T. L. Cas. in Eq., 116 [3d Am. ed.]). The same rule applies where the relation of attorney and client has ceased, unless it clearly appears that the influence due to the relation has ceased. (*Wright* v. *Proud*, 13 Ves., 138; *Holman* v. *Lanes*, 18 Jur., 835; *Wood § . Downes*, 18 Ves., 120; *Haight* v. *Moore*, 37 N. Y. [Supr. C.], 161, 164; *Jones* v. *Tripp*, Jacob., 322; *Goddard* v. *Carlisle*, 9 Price, 169; *Edwards* v. *Meyrick*, 2 Hare, 68.) An attorney cannot take a gift from his client while the relation subsists. (*Tomson* v. *Judge*, 3 Drewey, 306; *In re Holmes*, 3 Gif., 337; *O'Brien* v. *Lewis*, 4 id., 221; *Walker* v. *Beavan*, 29 Beav., 394.) To overthrow such a transaction it is not necessary to show that there has been fraud or imposition on the part of the attorney. (*Gibson* v. *Jeyes*, 6 Ves., 278; *Harris* v. *Tremenhure*, 15 id., 34, 39; *Bellew* v. *Russell*, 1 B. & B., 104; *Brooks* v. *Barnes*, 40 Barb., 521.) An employment as attorney does not necessarily end with the recovery of the judgment. (*Zeigler* v. *Hughes*, 55 Ill., 288.)

An attorney is bound to give his client, when dealing with him himself, the same advice as he would naturally and reasonably give him if he were acting as attorney in negotiating a transaction with a third person. (5 H. of L. Cas., 481; 6 Ves., 277; 3 Lans., 327; 11 Paige, 598; *Lyddon* v. *Moss*, 5 Jur. [N. S.], 637; 1 Story's Eq. Jur. [11th ed.], § 312; *Gibbs* v. *Daniel*, 9 Jur. [N. S.], 636; 5 id., 236; *Moxon* v. *Payne*, L. R. [8 Ch. App.], 887; *Wright* v. *Proud*, 13 Ves., 139; 18 Jur., 839; 10 Paige, 356; 3 Den., 608; *Burling* v. *King*, 2 T. & C., 545; 5 J. & S., 161; 3 Abb. [Ct. App. Dec.], 210; *Polsen* v. *Young*, 37 Iowa, 196; *Dunn* v. *Ricord*, 63 Me., 17; *Payne* v. *Avery*, 21 Mich., 584; *Nesbitt* v. *Lochman*, 34 N. Y., 169.) The General Term had no power to modify the judgment as was done on this appeal. (*Moffatt* v. *Sackett*, 18 N. Y., 522; *Chouteau* v. *Suydam*, 21 id., 185; *Brownell* v. *Winnie*, 29 id., 400; *Cassin* v. *Delaney*, 38 id., 178; *Hayden* v. *Florence S. Mach. Co.*, 54 id., 221; *Cuff* v. *Dorland*, 57 id., 56; *Sears* v. *Conover*, 4 Abb. [Ct. App. Dec.], 179; 3 Keyes, 315; *Boyd* v. *Foot*, 5 Bosw., 111; *Lesesne* v. *Grant*, 1 Brev., 402; *State* v. *Hewing*, id., 159; G. & W. on New Trials, 1162, 1129; Hil. on New Trials, 443, § 30; 4 Wait's Pr., 233, 234; *Flown* v. *Allen*, 5 Cow., 654, 669; *Purchase* v. *Mattison*, 25 N. Y., 211.)

*Samuel Hand*, for the appellant. Contracts assigning an interest in judgments recovered or to be recovered may be made between attorneys and clients and are not void. (2 Hun, 410, 414; *Nesbitt* v. *Lockman*, 34 N. Y., 167; *Wigram* v. *C.*, 2 Hare, 606; *Jenkins* v. *Williams*, 2 How., 261; *Wendell* v. *Van Rensselaer*, 1 J. Ch., 344; *Jordan* v. *Gillen*, 44 N. H., 424; *Kisling* v. *Shaw*, 33 Cal., 425; *White* v. *Whaley*, 3 Lans., 327; *Poctor* v. *Farnham*, 5 Paige, 614; *Case* v. *Hotchkiss*, 3 Keyes, 334.) The agreement was not unlawful on the ground of champerty and maintenance. (Code, § 303; *Sussdorf* v. *Schmidt*, 55 N. Y., 319; *Saterlee* v. *Frazer*, 2 Sand., 141; *Barry* v. *Whitney*, 3 id., 696; *Benedict* v. *Stuart*, 23 Barb., 420; *Voorhees* v. *Dorr*, 51 id., 580; *Easton*

v. *Smith*, 1 E. D. S., 318; *Sedgwick* v. *Stanton*, 14 N. Y., 289; *Durgan* v. *Ireland*, id., 322.

ANDREWS, J. The complaint contains two causes of action. The first and principal one is based upon a written agreement made October 24, 1865, which recited that in consideration of the professional services of plaintiff in recovering a judgment therein described in favor of defendant against Simons, administrator, etc., defendant had given to plaintiff one-third of the damages recovered, and assigned and transferred to him one-third of said damages, also authorizing him to retain the costs. The plaintiff after setting out the agreement, avers that by virtue of that instrument he became and was the owner of and entitled to collect and receive the costs, and one-third part of the judgment mentioned, with interest subject to a certain deduction therein specified, and that the defendant had collected and received the whole amount of the judgment, and had refused to pay any part thereof to the plaintiff. He then alleges that he performed services subsequent to the rendition of the judgment in relation thereto, and their value, and claims that by reason of the premises the defendant is indebted to him in the sum of $12,372.82, which is made up and computed under the terms and upon the basis of the written agreement.

The second cause of action is upon a *quantum meruit*, to recover the sum of $484.26, for other services as attorney rendered, between January 1, 1861, and January 1, 1867.

The answer as to the first cause of action alleges that the agreement of October 24th, 1865, was obtained by fraud, and undue advantage taken by the plaintiff of his confidential relation as attorney for the defendant, and in violation of his duty, and was without consideration and void. There was a general denial of the other allegations in the complaint. The referee sustained the right of the plaintiff to recover on both causes of action. He found that the agreement of October 24th, 1865, was fair and valid, and was based upon a valuable consideration, and that no

improper influence was exerted by the plaintiff to procure its execution; that the defendant had collected on the judgment against the estate of Shelton $20,167.48; that the services rendered by the plaintiff subsequent to the rendition of the judgment in respect thereto were of the value of $3,600, and that other services were rendered of the value stated in the second cause of action. He also found that the defendant had paid the plaintiff $1,978, and that the deduction to which he was entitled under. the agreement was $245.63. Upon this basis, the referee proceeded to award judgment. He decided that the plaintiff was entitled to recover (1) the costs in the judgment against Shelton, (2) one-third of the amount collected thereon by the defendant, (3) two-thirds of the value of the services rendered by the plaintiff subsequent to its recovery, in respect to its collection, and (4) the sum of $484.26 for the services embraced in the second cause of action, less the payment of $1,978, and the credit of $245.63, stipulated in the agreement. He found that there remained due to the plaintiff the sum of $11,738.15, for which sum with costs judgment was entered.

The plaintiff on the trial assumed the burden of proving that the agreement of October 25th, 1865, was just and fair, having in view the general principle that an attorney who seeks to avail himself of a contract made with his client, is bound to establish affirmatively that it was made by the client with full knowledge of all the material circumstances known to the attorney, and was in every respect free from fraud on his part, or misconception on the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him. This general principle is firmly established, and universally recognized. (*Gibson* v. *Jeves*, 6 Ves., 278; *Savery* v. *King*, 5 House Lords Cases, 627; *Starr* v. *Vanderheyden*, 9 J. R., 253; *Howell* v. *Ransom*, 11 Paige, 538; *Evans* v. *Ellis*, 5 Den., 640; *Ford* v. *Harrington*, 16 N. Y., 285; *Nesbit* v. *Lockman*, 34 N. Y., 169; Story Eq. Juris., § 311.) How far this rule is qualified by the Code (§ 303) in respect to contracts for prospec-

tive services it is unnecessary to determine. The consideration for the assignment to the plaintiff of an interest in the judgment was as the agreement recites for services rendered in recovering it, and the Code has no application to contracts between an attorney and client based upon a past consideration. (*Mason* v. *Ring*, 3 Abb. [App. Cas.], 219.) The plaintiff, as part of his case, for the purpose of showing that the agreement was fair and supported by an adequate consideration, proved by experts that the services rendered by the plaintiff in recovering the judgment were worth from $4,000 to $10,000, and that the other services were worth as much or more than the sum found by the referee. The defendant on the other hand introduced testimony of other witnesses to the effect that the whole value of the services rendered by the plaintiff was from $1,250 to $2,000.

The general term on the appeal of the defendant made an order reversing the judgment and ordering a new trial unless the plaintiff should stipulate to reduce the damages to $6,000, and interest from the date of the report, and in case the stipulation was made the order directed that the judgment stand as affirmed for that amount. The stipulation was given and judgment was entered in accordance with the decision of the general term affirming the judgment as modified, and the defendant appeals therefrom to this court.

In determining the question of the power of the general term to make the disposition of the case made by that court, it must be assumed that the judgment of the referee was erroneous. The plaintiff has not appealed from the decision but has expressly assented thereto. The case was before the general term both upon the facts and the law, and it had the power to reverse the judgment of the referee for error in either respect. It does not appear by the order of the general term on what ground the court proceeded in modifying the original judgment. By reference to the opinion it appears that it was reversed both upon questions of fact and of law.

The plaintiff not having appealed from the judgment of

the general term, is not at liberty to insist that it ought to have affirmed the judgment of the referee in full, nor will this court inquire into the correctness of the judgment so far as it reversed the judgment of the referee. The question here is, there being error in the judgment of the referee which required a reversal, could the general term instead of awarding a new trial, determine the amount which the plaintiff ought to recover in the case, and render judgment therefor, for this is substantially what has been done.

The Code (§ 330) authorizes the appellate court upon an appeal from a judgment or order to reverse, affirm or modify the judgment or order appealed from in the respect mentioned in the notice of appeal or to order a new trial. This power must be construed in view of the character and function of an appellate court, and of the fundamental principle, that questions of fact are to be investigated and determined in the court of original jurisdiction. It is not the appropriate function of an appellate court to determine controverted questions of fact, and render final judgment upon such determination. This would be substituting another tribunal from that known to the constitution and the laws for the trial of causes. The general term has the undoubted power to reverse a finding of facts, and grant a new trial, if in its judgment justice demands it. This is not invading the province of the trial court, for it simply remits the case for another trial before the court of original jurisdiction. When in an action upon contract a recovery has been had upon distinct and separate items and claims, and error either of fact or law has been committed on the trial in respect to one or more of the claims embraced in the recovery, the general term, if no other error exists may instead of reversing the judgment absolutely, reverse it only as to the erroneous items, and affirm it as to the residue, provided the plaintiff consents to forego his claim to recover them, and the items as to which the error exists are separable and distinguishable from the others. This is far as the well considered cases upon the subject have gone. (*Moffet* v. *Sackett,* 18 N.

Y. 522; *Chouteau* v. *Suydam*, 21 id. 185; *Brownell* v. *Winnie*, 29 id. 400; *Hayden* v. *Florence Sewing Machine Co.*, 54 id., 221; *Cuff* v. *Dorland*, 57 id., 560.)

But the action of the general term in this case is not within the principle of these cases. The referee found that the agreement of October 25th, 1865, was fair and valid. The general term held that this finding was erroneous. The referee also found that the plaintiff's services in recovering the judgment were worth the sum "expressed and agreed upon in the contract," and in another place that they were worth $7,500. The general term dissented from this finding also, and held that the entire scale of remuneration adopted by the referee in fixing the value of the various services of the plaintiff was "unreasonably high." It then proceeded to make the conditional order reducing the judgment " for the purpose of doing what will be just to the defendant, and at the same time reasonably compensating the plaintiff." It was not, we think, within the power of the general term, after having subverted the grounds and facts upon which the referee decided the case, to proceed to determine upon the examination of the conflicting evidence what amount the plaintiff ought to recover. That question belonged to the trial court. The general term had no power to find the facts and direct judgment in accordance with such finding, as if the question was before it as an original one upon a *quantum meruit*.

We are of opinion that having reversed the judgment for error affecting its validity in all its parts, the general term could not annex the condition contained in the order, and that the defendant was entitled to have a *venire de novo* awarded absolutely.

We have not overlooked the cases where, in actions of tort for injuries to the person, the general term has, on appeal from the order of the special term, made on motion to set aside a verdict for excessive damages, made a conditional order reversing the judgment and granting a new trial unless the plaintiff would consent to reduce the damages to a

specified sum, and affirming it for that amount if the plaintiff should consent to the reduction. This seems to be a comparatively modern practice, and cases in this court have assumed that the general term had the power on appeal in these cases, if the verdict is deemed excessive, to make the conditional order mentioned. (*Collins* v. *A. and Sch. R. R. Co.*, 12 Barb., 492; *Clapp* v. *R. R. Co.*, 19 id., 461; *Murray* v. *Hudson River R. R. Co.*, 47 id., 196; affirmed, 48 N. Y., 655; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 538.) We do not intend to disturb the authority of these decisions. But they must be regarded as applicable only to the class of cases in which they were made.

The general term, in considering whether the damages are excessive, assume that the controverted facts are as found by the jury, and then inquire whether, in view of these facts, the verdict should stand, or if not for the full amount, for what amount. This court, in *Cassin* v. *Delany* (38 N. Y., 178), denied the power of the general term to make a conditional order reducing a judgment in an action for malicious prosecution, tried before a referee.

The judgment of the general term and of the referee should be reversed, and a new trial granted.

All concur.

Judgment reversed.