FRANK D. CRIM, EXECUTOR, AND ELLA E. STONE, EXECUTRIX, ETC., OF JUSTUS F. CRIM, DECEASED, RESPONDENTS, v. RUFUS G. STARKWEATHER, APPELLANT, IMPLEADED, ETC.

*Appeal — power of the General Term to modify a judgment, upon a stipulation of the party, and affirm it as modified — effect upon a stipulation so filed of an appeal to the Court of Appeals, by the unsuccessful party, and his obtaining there a general judgment of reversal and a new trial.*

The complaint in this action set forth two causes of action, one upon a promissory note and the other for money loaned. The plaintiff having recovered a judgment upon each count, the defendant appealed to the General Term, where the judgment was reversed and a new trial was ordered, costs to abide the event, unless the plaintiff would stipulate to reduce the judgment to the amount found due upon the note, in which case the judgment, as so modified, was affirmed. The plaintiff made and filed the required stipulation, and entered judgment accordingly. Thereafter the defendant appealed from the said judgment to the Court of Appeals, which reversed in all things the judgment so entered and ordered a new trial, costs to abide the event.

*Held*, that upon the new trial the plaintiff was entitled to try the issues raised upon each of the causes of action, and was not confined to his action upon the note.

APPEAL from an order of the Onondaga Special Term, denying a motion made by the defendant.

The complaint contained one count upon an indorsement of a promissory note for $1,500, and one for money loaned amounting to some $9,700. The trial was had before a referee, who reported in favor of the plaintiff's testator in his lifetime, upon both counts. The defendants took an appeal to the General Term where an opinion was delivered, pointing out error in the trial of the second cause of action, and holding that no error was committed as to the first cause of action. The decision of the General Term was filed

in the following words, viz.: " Judgment reversed, and a new trial ordered before another referee, with costs to abide the event, unless plaintiff stipulate to reduce the judgment to the amount due upon the $1,500 note, as found by the referee, in which case the judgment as so modified is affirmed." Upon this decision the plaintiff gave a stipulation to reduce and modify the judgment, and accepted the affirmance of the said judgment as so modified by the General Term. The original plaintiff died, and the plaintiffs, as executors, were substituted, and they entered a judgment for the recovery of the $1,500, interest and costs, on the 5th of December, 1881. On the 8th of December, 1881, the defendant appealed from the judgment so entered to the Court of Appeals. That court heard the appeal and in all things reversed the judgment so entered, as appears by the report of the case in 88 New York, 340, where the opinion concludes as follows, viz.: " The judgment should be reversed, and a new trial ordered, with costs to abide the event." And following that language the report states, viz.: " Judgment reversed." The *remittitur* was filed in this court by which the court directed the judgment to be reversed, a new trial was ordered, with costs to abide the event.

At a Special Term in August, 1882, the reference was vacated, and the action restored to the calendar of the Herkimer Circuit.

The defendant's motion, upon which the order appealed from was made, was based upon the claim that the right to try the second count in the complaint is gone. The Special Term denied the defendants' motion, holding : " That the stipulation reducing the judgment rendered upon the trial so as to accord with the judgment of the General Term, *ceased to be operative* when the judgment of the General Term was reversed by the Court of Appeals." Defendant appeals from the order entered at Special Term on that decision.

*George W. Smith*, for the appellant.

*W. & N. E. Kernan*, for the respondents.

HARDIN, J.:

After issue was joined in the action, the court had power to award a separate trial as to each cause of action set out in the complaint.

Neither party then asked for or sought to have a separate trial. Both parties proceeded to a judicial examination of the issues before a referee. In virtue of the trial, report and decision of the referee, whose report stands as the decision of the court (Code § 1223), the plaintiff became entitled to a judgment in his favor upon both counts of the complaint.

When defendant presented a case and exceptions, with his appeal to the General Term, the questions to be considered related to the right of the plaintiff to hold the judgment given by the referee upon both counts or causes of action. The court in examining the case and exceptions, found error in the progress of the trial as to the second count, and no error was supposed to exist as to the first count. In pursuance of its decision a new trial was ordered as to all the issues, unless plaintiff consented to modify the judgment entered on the report of the referee so that it should stand simply as a judgment upon the first count. That consent was given, and thereupon the judgment as so modified was retained by the court, and affirmed as so modified. With such consent given, the General Term had power to so modify the judgment. (*Hayden* v. *The Sewing M. Co.*, 54 N. Y., 221; *Whitehead* v. *Kennedy*, 69 N. Y., 462; Code of Civil Pro., §§ 1317, 1319.)

Had the judgment entered upon the report of the referee been upon one cause of action, or its provisions been "connected and dependent," the General Term would not have had power to modify the judgment resting upon conflicting evidence. (*Murphy* v. *Spaulding*, 46 N. Y., 556; *Whitehead* v. *Kennedy, supra; Cassin* v. *Delany*, 38 N. Y., 178.)

But it now appears from the record, that when the case was heard in the Court of Appeals, the judgment of the General Term, modifying and retaining part of the judgment entered upon the report of the referee, was wholly *reversed and a new* trial ordered. The order for a new trial, as directed by the Court of Appeals, is unlimited and unrestrained by any terms of restriction or limitation to the issue relating to the first count of the complaint. Literally construed, it is an award of a new trial of the issues in the action. If the award by that court had been of a new trial of the issues as to the first count of the complaint, a different question would have been presented. (Code of Civil Pro., § 1220.) Again, it does not appear

from the order of the General Term that there was an intention to give a final judgment against the plaintiff upon a second cause of action. The case does not therefore fall within section 1224 of the Code, which authorizes the General Term "in its discretion to render final judgment."

Nor does it appear from the order of the General Term that the plaintiff's complaint as to the second count was dismissed upon the merits, and the action of the General Term does not therefore stand as a bar to a second action or a second trial of the issues as to the second count. There remains no judgment expressly declaring, or judgment-roll making it appear that a judgment has been rendered upon the merits of the second count against the plaintiff. (Sec. 1209.)

The effect of the stipulation to reduce the judgment entered upon the report of the referee, to the amount found due on the first count was to vacate all other parts of the judgment based upon the report of the referee. The defendant has treated the stipulation as having that effect, for he has not entered an order or judgment, reversing the other parts of the judgment, or dismissing plaintiff's complaint as to the second cause of action. Had the defendant allowed the modified judgment to stand, he might have insisted with force that the plaintiff had lost the right to try the issue as to the second count in this action. But the defendant was not content with such modified judgment, and the stipulation given as a precedent necessity for the entry of such judgment modifying the judgment entered on the report of the referee, but appealed therefrom, and then took from the Court of Appeals a total reversal of the judgment of the General Term, and from that court an absolute and unconditional order for a new trial of the action.

Plaintiff's inducement leading him to stipulate is gone. It was taken away by the course pursued by the defendant, resulting in the judgment and award for a new trial obtained in the Court of Appeals. We cannot escape the conclusion that there is no judgment or stipulation now in force to prevent the plaintiffs from insisting that they are entitled to a trial of all the issues in the action, those relating to the second as well as those relating to the first count in the complaint.

No case has been cited exactly in point, and we have found none, giving effect to an order awarding a new trial in a similar case.

However, for the reasons already assigned, we have come to the conclusion that all the issues in the action are open for a new trial. We therefore affirm the order of the Special Term.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.