Daniels, J.
A decision has been announced upon this appeal, directing the judgment to be reversed and a new trial of the issue to take place, but since then the fact has been brought to the attention of the court that the case on which the decision has been made was that which was examined and considered on the preceding appeal, when another judgment was also reversed and a new trial ordered because of the excessive amount of damages included in the verdict. The verdict which was then recovered was for the sum of $2,960.90, while it appears from the case upon the last trial that the verdict was for the sum of $2,855.90. The' items entering into the verdict of the jury on each occasion were the same and subject to the same deductions. And, notwithstanding the fact that the decision already announced has proceeded on a preceding case, it still does not require any different direction from that which has been given. For by the case made upon the last trial it appears that the jury by their verdict have exceeded the amount which, by the most liberal construction of the evidence, the plaintiff was proved entitled to receive.
The action was for the conversion of property taken under an execution issued against the person who sold the property to the plaintiff, who is his mother. It was used in carrying on the business of a coal yard at the foot óf East Thirty-sixth street, in the city of New York. And the sheriff, assuming from the fact of the property being in the .possession and use of the judgment debtor that he was its owner, levied upon it and sold it to satisfy the execution. He, as well as the creditors in the execution, appear to have proceeded in good faith, but they were not protected by that circumstance from liability for the value of the property seized and sold, and it was found to belong to the plaintiff, but they were by reason of that fact not *565 liable for anything beyond its value. In other words, the case was such as to require the recovery to be limited to the actual loss of the plaintiff from the sale and conversion of the property. And this under the evidence, by the ■ most liberal construction which can be given to it in her favor, did not •exceed the sum of $1,803.15. The property was taken on the 12th of December, 1876, and allowing interest to her upon that valuation from that time to the recovery ofe the verdict, on the 12th of January, 1886, entitled her to* no greater sum than $2,775.97, being less than the amount of the verdict by the sum of $79.93.
If the recovery could be reduced by deducting this amount, further litigation between these parties would in that manner be avoided; but as the practice is now settled that cannot be done, for the error of the jury has been in allowing to the plaintiff not the value of one or more articles, which should not have been included, but in placing too high a valuation upon the aggregate .of the property itself, and where that is the source of the error it does_ not appear to be capable of being rectified by a deduction from the judgment. Whitehead v. Kennedy, 69 N. Y., 462, 468; Andrews v. Tyng, 94 id., 16.
At the time when the verdict was returned, the excess over and above what the plaintiff, in the most liberal view of the evidence was entitled to recover, might have been remitted, and in that manner another trial of the action could have been avoided. But that was. not done. The jury were still too liberal to the plaintiff in the estimate they put upon the property taken and converted, and the error into which they were in this manner drawn can only be corrected by the reversal of the judgment, and another trial of the issue as that has already been directed. No change in this respect should be made, but the order of the court as it has already been provided for should be allowed to stand.
Brady and Davis, JJ., concur.