### KORN v. FREEDLANDER. (No. 32.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

1. APPEAL AND ERROR &⟶1151 — DISPOSITION — REDUCTION OF AMOUNT OF JUDGMENT.

The Appellate Division has no power to reduce the amount of a judgment, if the party plaintiff holding the judgment objects, in which case it can only order a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498-4506; Dec. Dig. &⟶1151.]

2. APPEAL AND ERROR ⊜⟶1151—JUDGMENT ON APPEAL—AMENDMENT OR RE-
SETTLEMENT.

Where plaintiff, on defendant's appeal, consented to reduce the amount of the judgment, and judgment was modified accordingly and affirmed, the defendant had no right to attempt to reverse the recovery against him on the ground of plaintiff's voluntary reduction as to part thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. ⊜⟶1151.]

Action by Louis Korn against Joseph H. Freedlander. Judgment for plaintiff was affirmed on defendant's appeal, on condition that plaintiff remit part of his recovery. On motion by plaintiff to amend or resettle orders and judgment of Appellate Division. Motion denied.

See, also, 156 App. Div. 901, 938, 141 N. Y. Supp. 1127.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Max D. Steuer, of New York City, for the motion.
Einstein, Townsend & Guiterman, of New York City, opposed.

PER CURIAM. The defendant appealed from a judgment in favor of the plaintiff, and from order denying a motion on the minutes for a new trial, and also from a separate order denying a motion to vacate the judgment and grant a new trial. These appeals were heard together on separate records. The record of the trial disclosed no reversible error, but, in view of the facts shown by the other record on the motion to vacate the judgment, we were of opinion that the defendant was entitled to a deduction from the gross commissions earned of certain items of expenses incident to earning them, aggregating approximately $6,250, and that therefore, in justice, there should be a new trial, unless plaintiff would stipulate to reduce by one-half of that amount the verdict that he had recovered.

The court therefore stated in announcing its decision that a new trial would be ordered, unless the plaintiff should stipulate to reduce the recovery by said amount, in which event the judgment was modified accordingly, and, as modified, affirmed, without costs. The plaintiff consented to reduce the recovery, and the judgment was therefore modified in accordance with the stipulation, and affirmed as so modified. The defendant then appealed to the Court of Appeals, and has made the point in that court that this court had no power to reduce the judgment. It is difficult to see how the defendant can raise that question. If we had no power to reduce the judgment, it would have been affirmed for the full amount. The cases cited by the appellant are cases in which the party against whom the reduction was made had appealed.

[1, 2] We recognize that against the plaintiff we would have no power to reduce the judgment, and if he objected all the court could do would be to order a new trial. He consented to the reduction, and it was on his consent that the defendant was relieved of a considerable portion of the judgment. The plaintiff, who has recovered judgment against the defendant, on appeal to the appellate court voluntarily con-

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sents that a certain sum be deducted from his recovery, and if the court accepts the stipulation reducing the amount of the judgment, certainly it does not lie with the defendant to attempt to reverse the recovery against him upon the ground that the plaintiff has voluntarily abandoned part of his recovery. The modification was entered upon the consent of the plaintiff. The plaintiff has not appealed. He seeks to sustain the judgment as modified, and it would seem to be no concern of the defendant's whether or not the court would have had power to modify the judgment against the objection of the plaintiff.

The application to resettle the order is therefore denied, without costs.