JAMES S. HERRMAN, Respondent, *v.* UNITED STATES TRUST
COMPANY OF NEW YORK et al., as Administrators with
the Will Annexed of FRANCIS L. LELAND, Deceased,
Appellants.

Appeal — judgment or order on appeal to Appellate Division —
power of Appellate Division to review the facts and render a
new final judgment in cases of contract and in tort cases —
when Appellate Division has the power to reduce the verdict
and grant judgment for a smaller amount.

In an action to recover on contract, the jury rendered a verdict
in favor of the plaintiff, which the judge presiding set aside as
excessive, and granted a new trial. The Appellate Division reversed
the order of the trial judge and reinstated the verdict, but with
the consent of the plaintiff reduced the same and ordered judgment
for that amount in favor of the plaintiff. Judgment was entered
accordingly, from which the defendants now appeal. *Held*, that
there is now no distinction between the power of the Appellate
Division in contract cases and tort cases to render final judgment
such as the trial court should have given. That court now has the
power, with the consent of the party in whose favor the verdict
was rendered, to reduce a verdict and grant judgment for a smaller
amount. (Rule in *Whitehead* v. *Kennedy*, 69 N. Y. 462, abrogated
by section 1317, Code of Civil Procedure, as amended by chapter
380, Laws of 1912.)

*Herrman* v. *Leland*, 163 App. Div. 515, affirmed.

(Argued May 10, 1917; decided June 12, 1917.)

APPEAL from a judgment entered July 30, 1914, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, which reversed an order
of the court at a Trial Term setting aside a verdict in
favor of plaintiff and directed that in the event that
plaintiff should stipulate to reduce his recovery to a sum
stated that judgment should be entered in his favor for
that amount.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg, George L. Shearer, Joseph McCloskey* and *Jesse Grant Roe* for appellants. The court below, while holding that the verdict rendered by the jury was excessive, and to that extent erroneous, without ordering a new trial, fixed a definite and arbitrary amount to which, in its opinion, the verdict should be reduced, and, on the plaintiff's stipulation to accept such reduction, directed judgment in his favor therefor, which it had no power to do. (*Moffet* v. *Sackett*, 18 N. Y. 522; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Andrews* v. *Tyng*, 94 N. Y. 16; *Matter of Application of Knapp*, 85 N. Y. 284; *Porter* v. *Dunn*, 141 N. Y. 314; *Lawrence* v. *Church*, 128 N. Y. 324; *Matter of Chapman*, 162 N. Y. 456; *Van Beuren* v. *Wotherspoon*, 164 N. Y. 368; *Holmes* v. *Jones*, 121 N. Y. 464.) The power granted to the Appellate Divisions by the amendment to section 1317 of the Code does not authorize such action, when the trial has been before a jury and the right to a jury trial has not been waived. (*Bonnette* v. *Molloy*, 209 N. Y. 167; *Lamport* v. *Smedley*, 213 N. Y. 82; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Middleton* v. *Whitridge*, 213 N. Y. 499; *Baldwin & Co.* v. *Kohler*, 94 Misc. Rep. 142.)

*Richard T. Greene, Francis R. Stoddard, Jr.*, and *Daniel S. Murphy* for respondent. The Appellate Division had power to order that the verdict be reduced to $14,980.98 on the plaintiff's stipulation that it be so reduced. (*Hayden* v. *F. S. M. Co.*, 54 N. Y. 221; *Weed* v. *Lee*, 50 Barb. 354; *Korn* v. *Freedlander*, 156 App. Div. 901; 215 N. Y. 642; *Koehler* v. *Hughes*, 148 N. Y. 507; *Dibble* v. *Dimick*, 143 N. Y. 549; *Randall* v. *N. Y. El. R. R. Co.*, 149 N. Y. 211; *Rosenstein* v. *Fox*, 150 N. Y. 354; *Kaplan* v. *N. Y. Biscuit Co.*, 151 N. Y. 171;

*Pringle* v. *Long Island R. R. Co.*, 157 N. Y. 100; *Spence* v. *Ham*, 163 N. Y. 220; *Morehouse* v. *Brooklyn Heights R. R. Co.*, 185 N. Y. 520; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521.)

CUDDEBACK, J. This is an action to recover on contract, which was tried before a jury. The jury rendered a verdict of $17,051.30 in favor of the plaintiff, which the judge presiding set aside as excessive, and granted a new trial. The court at the Appellate Division reversed the order of the trial judge and reinstated the verdict, but with the consent of the plaintiff reduced the same to $14,980.98, and ordered judgment for that amount in favor of the plaintiff. Judgment was entered accordingly, from which the defendants now appeal.

The defendants, the appellants, contend that the court at the Appellate Division had no authority to give final judgment against them for the amount of the verdict as reduced, but should have permitted a new trial, and that any contrary ruling was an encroachment on the functions of the jury. The respondent argues that the amendment to section 1317 of the Code of Civil Procedure made by chapter 380, Laws of 1912, which was designed to prevent delay in legal procedure occasioned by unnecessary re-trials of the same issue, gave the Appellate Division power to grant the final judgment appealed from. The amendment to section 1317 provides that the Appellate Division may affirm, reverse or modify the judgment or order appealed from and render "final judgment upon the right of any or all of the parties."

The appellants rely upon the decision of this court in *Whitehead* v. *Kennedy* (69 N. Y. 462), which holds, just as they contend, that in actions *based upon contract* the Appellate Division, or the General Term, as it then was, cannot reduce a verdict and give final judgment for

10

a lesser sum, as was done in this case, unless the verdict includes several separate and distinct items, but if not satisfied with the judgment or order of the Trial Term should grant a new trial. The decision recognizes, however, that a contrary rule exists in actions based upon wrongs to reduce the recovery with the consent of the party in whose favor it was had. The appellants cite several other decisions to the same effect as *Whitehead* v. *Kennedy* (*supra*). The ground of these decisions is that the law has not given to the Appellate Division the power on appeal to render final judgment.

*Whitehead* v. *Kennedy* (*supra*), as well as every other case cited by the appellants, was a case wherein the trial was had before a referee. We held substantially in *Lamport* v. *Smedley* (213 N. Y. 82) that in all such cases where the trial was had before the court or a referee the amendment made to section 1317 by chapter 380, Laws of 1912, invested the Appellate Division with power to render whatever new decree justice required. The result of that decision was that the rule of law laid down in the *Whitehead* case and similar cases, as to the power of the Appellate Division to give final judgment in actions tried before the court or a referee, was abrogated.

With the rule laid down in the *Whitehead* case thus abrogated by statute, I find no authoritative holding that the Appellate Division in contract cases has no power to reduce a verdict and grant judgment for a smaller amount, with the consent of the party in whose favor the verdict was rendered. There is abundant authority for holding, as was said in the *Whitehead* case, that the Appellate Division has such power in cases of wrongful injury to persons or property. (*Murray* v. *Hudson R. R. R. Co.*, 47 Barb. 196; 48 N. Y. 655; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521, 538; *Smith* v. *Dempsey*, 102 N. Y. 655; *Dembitz* v. *Orange County Traction Co.*, 147 App. Div. 588.) I see no reason why there should be any distinction made between the power of the Appellate

Division in contract cases and tort cases, and in my judgment the amendment to section 1317 of the Code has abolished the distinction.

Such a conclusion seems to be justified by the decision in *Middleton* v. *Whitridge* (213 N. Y. 499, 507). The trial there had been before a jury and the effect of the amendment to section 1317 was under consideration. The court said:

"The final judgment then which the Appellate Division is empowered to render is the one which the trial court should have rendered either upon a special or a general verdict, or upon a motion to dismiss the complaint or to direct a verdict. The error thus corrected is the error of the court, not of the jury. The province of the jury is not invaded by the correction of such an error and the rendition of the judgment which ought to have been rendered by the trial court."

The trial court, in the case before us for decision, had power, instead of setting aside the verdict and ordering a new trial, to reduce the verdict, with the consent of the plaintiff, and direct judgment for the amount to which it was reduced. (*Branagan* v. *L. I. R. R. Co.*, 28 App. Div. 461.) The power to thus reduce verdicts at the Trial Term is too well settled and has been followed too long to be questioned now. It is said to be a power inherent in the court. (Id.) Such a judgment is just what the Appellate Division said the trial court should have rendered in this case.

As was said in *Middleton* v. *Whitridge* (*supra*), that practice does not lead to any encroachment upon the functions of the jury. The defendants had their case tried by the jury once, and they have no constitutional right to two jury trials. The jury rendered its verdict, and the defendants, not satisfied therewith, moved to set the verdict aside. The trial court granted the motion but the Appellate Division reversed that decision. As some measure of relief, however, the Appellate Division cut

down the recovery against the defendants, with the consent of the plaintiff. The defendants' real grievance is that there was any recovery at all on behalf of the plaintiff, and the ruling of the Appellate Division was in their favor so far as it reduced the amount of the recovery. (See *Korn* v. *Freedlander*, 166 App. Div. 686; 215 N. Y. 642.)

The amendment of 1912 to section 1317 of the Code was made to simplify legal practice and to do away with one cause of unnecessary delay in litigation. We should give the enactment the full force and effect to which it is justly entitled.

I recommend that the judgment appealed from be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and McLAUGHLIN, JJ., concur.

Judgment affirmed.