ELIZABETH O'CONNOR, Appellant, *v.* OLIVE PAPERTSIAN et al., Respondents.

Argued October 19, 1955; decided January 12, 1956.

*Maurice J. McCarthy, Jr.,* for appellant. I. The action of the Appellate Division was an unwarranted interference with the trial court's discretion and in effect a reversal. (*Clark* v. *Delaware & Hudson R. R. Corp.,* 245 App. Div. 447; *Byrd* v. *Keith Corp.,* 186 Misc. 19; *O'Keeffe* v. *O'Keeffe,* 208 App. Div. 750; *Zukas* v. *Lehigh Valley Coal Co.,* 187 App. Div. 315.) II. Plaintiff is being denied a jury trial in violation of section 2 of article I of the New York State Constitution. (*McGurty* v. *Delaware L. & W. R. R. Co.,* 172 App. Div. 46; *Hollwedel* v. *Duffy-Mott Co.,* 263 N. Y. 95; *Russell* v. *Rhinehart,* 137 App. Div. 843; *Burns* v. *New York & Long Is. Traction Co.,*

139 App. Div. 145; *York Mtge. Co.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Schenck* v. *Prudential Ins. Co. of America*, 167 Misc. 282; *Duke* v. *Fargo*, 172 App. Div. 746; *Howard* v. *Bank of Metropolis*, 115 App. Div. 326; *Lawrence* v. *Wilson*, 86 App. Div. 472.)

*Bernard Meyerson* and *Richards W. Hannah* for Olive Papertsian, respondent. I. The Appellate Division had the authority to reinstate and increase the verdict set aside by the trial court. (*Schroeder* v. *Krohnberg*, 244 App. Div. 826; *Laidhold* v. *Suburban Laundry Co.*, 239 App. Div. 847; *Hartford* v. *Greenwich Bank of City of N. Y.*, 157 App. Div. 448, 215 N. Y. 726; *Helgers* v. *Staten Is. Midland R. R. Co.*, 69 App. Div. 570; *McGrath* v. *Third Ave. R. R. Co.*, 9 App. Div. 141; *De Camp* v. *Thomson*, 159 N. Y. 444; *Matter of Baldwin*, 158 N. Y. 713; *People ex rel. Coler* v. *Lord*, 157 N. Y. 408.) II. There are no constitutional questions involved herein and this court does not have the jurisdiction to review a discretionary order. (*Miozzi* v. *Armstrong Coal Co.*, 283 N. Y. 567; *Merriam* v. *Wood & Parker Lithographing Co.*, 155 N. Y. 136.)

*Olin S. Nye* and *Matthew E. Lawless* for Anthony De Vito, respondent. I. The Appellate Division has power to modify a trial court's decision ordering a new trial. (*Steinleger* v. *Frankel*, 117 Misc. 693.) II. The action of the Appellate Division is constitutional. (*Holmes* v. *Jones*, 121 N. Y. 461; *Torsiello* v. *Drohan*, 254 App. Div. 803; *Hyman* v. *City of New York*, 263 App. Div. 896; *Iannotta* v. *Integrity Holding Corp.*, 269 App. Div. 1044; *Ullman* v. *Tubbs*, 279 App. Div. 1120; *Dugan* v. *Murphy*, 281 App. Div. 1044; *Kligman* v. *City of New York*, 281 App. Div. 93; *Laidhold* v. *Suburban Laundry Co.*, 239 App. Div. 847.)

Conway, Ch. J. In the Supreme Court the jury brought in a verdict in favor of the plaintiff in the amount of $1,000. A motion made by the plaintiff to set aside the verdict on the ground of inadequacy was granted and a new trial ordered. Defendants appealed from that order to the Appellate Division, which " modified " the order of the Trial Term by ordering " a new trial on the ground of the inadequacy of the verdict

unless defendants stipulate to increase the verdict to the sum of $2,500, in which event the judgment is to be entered accordingly, with costs to plaintiff-respondent." The defendants so stipulated. The plaintiff, thereupon, took this appeal, as of right.

Plaintiff, a passenger in one of defendants' automobiles, was injured when they collided. The principal claim of damages was for a rash which plaintiff claimed resulted from the treatment of the injuries sustained. The main issue at the trial was whether there was a connection between the accident and the rash. The jury's verdict in plaintiff's favor of $1,000 indicated its finding that the rash was not attributable to the accident. On the motion to set aside the verdict, plaintiff contended that the verdict was inadequate even for the admitted injuries, without consideration of the rash.

In its opinion the Appellate Division said:

" We are satisfied that the verdict was inadequate for the conceded injuries and are also satisfied that the jury was fully justified in finding that the rash was unconnected with the accident or injuries resulting from the accident. The question therefore is whether we must require a new trial, including the issue which the jury has properly adjudicated against plaintiff, merely because the jury made an inadequate award on the part of the case which they found in plaintiff's favor, or whether we may not properly place a value on the connected injuries as high as any jury would be warranted in going and give the defendants the opportunity of stipulating to pay such an increased verdict in lieu of suffering a new trial.

" It would seem clear in reason and principle that the last alternative should be available to the court in order that the litigation may be brought to a just determination without involving the time and expense of another trial."

In the words of the plaintiff herself: " The sole question for determination concerns the *right* of the Appellate Division to affirm the trial court in setting aside a verdict of $1,000 as inadequate and granting a new trial, yet denying the new trial if the verdict is voluntarily increased to $2,500." That is, we have before us solely a question of law as to the *power* of the Appellate Division to modify the order of the trial court granting a new trial as it did in this case.

The plaintiff contends that: 1. " The action of the Appellate Division was an unwarranted interference with the trial court's discretion and in effect a reversal ", and 2. " The plaintiff is being denied a jury trial in violation of Article I, Section 2 of the New York State Constitution."

The first point of the plaintiff inferentially concedes that the Appellate Division has the power to act as it did, but that in our present case such action was an " unwarranted interference ". Since this appeal was heard, on plaintiff's request, on an abridged record, the trial minutes are not before us and we are limited to considering the Appellate Division opinion, a portion of which the plaintiff relies upon heavily. It appears that the plaintiff's contention is that since the granting of the new trial, on the grounds of inadequacy, rests in the trial court's discretion, and since the Appellate Division agreed with the trial court in stating that " [w]e are satisfied that the verdict was inadequate * * * ", that therefore the Appellate Division did not have the power to modify, or in effect reverse, the determination with which it agreed, and that such action on its part would be a clear case of an abuse of discretion as a matter of law, with the conclusion being that the Appellate Division neither had the right nor the power to so act.

Statutory authority for the action of the Appellate Division is to be found in section 584 of the Civil Practice Act. That section reads: " Upon an appeal from a judgment or an order, any appellate court to which the appeal is taken, which is authorized to review such judgment or order, may reverse or affirm, wholly or in part, or may modify the judgment or order appealed from, and each interlocutory judgment or intermediate or other order which it is authorized to review, and as to any or all of the parties. It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing. * * *."

In construing the predecessor of section 584 (Code Civ. Pro., § 1317), our court pointed out in *Herrman* v. *United States Trust Co.* (221 N. Y. 143, 145–147):

" The amendment to section 1317 provides that the Appellate Division may affirm, reverse or modify the judgment or order appealed from and render ' *final judgment upon the right of any or all of the parties.*' [Emphasis supplied.]  *  *  *

" The trial court, in the case before us for decision, had power, instead of setting aside the verdict and ordering a new trial, to reduce the verdict, with the consent of the plaintiff, and direct judgment for the amount to which it was reduced [case cited]. The power to thus reduce verdicts at Trial Term is too well settled and has been followed too long to be questioned now. It is said to be a power inherent in the court.  *  *  *  Such judgment is just what the Appellate Division said the trial court should have rendered in this case." (See, also, *Lamport* v. *Smedley,* 213 N. Y. 82, 85; *Middleton* v. *Whitridge,* 213 N. Y. 499, 506–507.)

It is true that the *Herrman* case (*supra*) dealt with a contract action rather than a tort action, but the difference which had existed between the Appellate Division's power in contract and tort actions (see *Whitehead* v. *Kennedy,* 69 N. Y. 462) was eliminated by the amendment of section 1317 of the Code of Civil Procedure (*Lamport* v. *Smedley,* 213 N. Y. 82, *supra*; *Middleton* v. *Whitridge,* 213 N. Y. 499, *supra*), and in both types of case the Appellate Division was given the power to render the final judgment which the trial court could or should have rendered.

It is likewise true that the portion of section 584 which provided that: " When a trial has been before a jury, the judgment of the appellate court must be rendered either upon special findings of the jury or the general verdict, or upon a motion to dismiss the complaint or to direct a verdict ", was deleted by the Legislature in 1926, and is presently absent from section 584 of the Civil Practice Act. However, the omission of that sentence may not be considered as a limitation upon the power of the appellate court for, if any construction be placed upon it, it would be one of extension rather than restriction of the powers of the Appellate Division. In any event, subsequent to the 1926 amendment deleting that sentence from section 584, *United Paperboard Co.* v. *Iroquois Pulp & Paper Co.* (217 App. Div. 253, affd. without opinion 249 N. Y. 588) was decided. In that case the Appellate Division said in its opinion: " We construe the words ' *final judgment upon the right of any or all of*

*the parties* ' in section 584 of the Civil Practice Act, broadly *to include all such final determinations of a party's right as could have been made by the trial court* [cases cited]." (Emphasis supplied.) Our court, in affirming without opinion, adopted this construction, insofar as holding that the Appellate Division had the same power to act as did the trial court. It is clear, therefore, that the rationale and principles enunciated in the earlier cases mentioned above which predate section 584 of the Civil Practice Act, still obtain today.

As a result, the *Herrman* case (*supra*) would be controlling as to the situation now before us, for the facts are identical (the distinction between contract and tort no longer prevailing) except that, in the *Herrman* case, the Appellate Division reduced the recovery and the plaintiff stipulated to take the reduced sum, while in the case now before us the Appellate Division increased the recovery and the defendant stipulated to pay the increased sum. Both actions were tried before a jury, and in both the trial court set aside the verdict and granted a new trial.

The power of the trial court to grant a new trial on the ground that the verdict is inadequate or excessive, is undisputed. Similarly the trial court may deny a motion for a new trial on condition that the party, other than the movant, stipulate to pay a greater amount or accept a lower amount, as the case may be (7 Carmody-Wait on New York Practice, §§ 21, 22, pp. 120–122). As we have said earlier, *the Appellate Division is enabled to render the judgment which the trial court could or should* have rendered " upon the right of any or all of the parties   *   *   * " and therefore can act as it did in the present case.

The Appellate Division believed the trial court should have disposed of the action by allowing the defendant to stipulate to pay a larger sum and, upon that condition, denied the motion for a new trial and therefore the Appellate Division acted in the manner in which the trial court could or, in the opinion of the Appellate Division, should have acted. It matters not that the granting of such conditional order would lie within the discretion of the trial court, for " [m]atters of discretion are reviewable by the Appellate Division. Since that court is a branch of the Supreme Court, whenever discretion is vested in ' the supreme court ' it may be exercised by the Appellate Divi-

sion by way of a review of the action of Trial or Special Term, even though there has been no abuse of discretion by the lower branch of the court.'' (9 Carmody-Wait on New York Practice, § 137, p. 573, cases footnoted; *Hogan* v. *Franken,* 221 App. Div. 164.)

The plaintiff's second contention, viz., that she is being denied a jury trial in violation of section 2 of article I of the New York State Constitution is likewise without merit. The same issue was raised in *Herrman* v. *United States Trust Co.* (221 N. Y. 143, 147–148, *supra*) and there we stated: '' As was said in *Middleton* v. *Whitridge (supra)* [213 N. Y. 499, 507], that practice does not lead to any encroachment upon the functions of the jury. *The defendants had their case tried by the jury once, and they have no constitutional right to two jury trials. The jury rendered its verdict, and the defendants, not satisfied therewith, moved to set the verdict aside. The trial court granted the motion but the Appellate Division reversed that decision.* As some measure of relief, however, the Appellate Division cut down the recovery against the defendants, with the consent of the plaintiff.'' (Emphasis supplied.) The same situation exists in our present case except that the plaintiff here is in the position that the defendant was in the *Herrman* case (*supra*). This reversal of positions in no way adversely affects either the power vested in the Appellate Division, or the rationale of the *Herrman* case, indicating that the exercise of such power was constitutional. The nature of the power which resides in the trial court and the Appellate Division to raise an inadequate verdict, or to reduce an excessive one, is exactly the same.

At the end of a jury trial, when the defendant moves to set aside the verdict as excessive and requests a new trial, the court may grant such a motion. Upon appeal the appellate court may reverse the trial court upon condition that the plaintiff agree to take a lesser sum. It could be maintained that the defendant has been thereby deprived of a jury trial by the stipulation of the plaintiff, but such contention was raised before us in the *Herrman* case (*supra*), and we held that it did not deprive the defendant of a trial by jury.

Exactly the same problem is presented when the plaintiff, at the end of a jury trial, moves to set the verdict aside on the ground of inadequacy and requests a new trial. The trial court

may grant such a motion. Upon appeal the appellate court has it within its power, by analogy, to reverse the trial court's order granting a new trial, and it may do so on the condition that the defendant stipulate to pay an increased amount to the plaintiff.

This exercise of power by the appellate court is exactly the same in both examples except that it applies to different parties. In both cases it is the party who moves for the new trial who invokes the constitutional argument of deprivation of trial by jury, when the opponent stipulates either to increase or decrease the amount involved. (It must be remembered that both plaintiff and defendant are entitled to demand a jury trial [Civ. Prac. Act, § 426]). Conversely, it is the person who initially opposes his opponent's motion for a new trial, over whose objection the motion is granted, who then stipulates to increase or decrease the amount involved.

In essence what transpired in the present case is as follows: The plaintiff received a verdict in the amount of $1,000 and the trial court set it aside as inadequate. The Appellate Division said it agreed with the trial court that it was inadequate and that the plaintiff was entitled to a new trial. *However,* the Appellate Division then offered the defendant the alternative of paying the plaintiff the maximum amount which the jury could have found as a matter of law. The Appellate Division thus '' properly place[s] a value on the connected injuries as high as any jury would be warranted in going and give[s] the defendants the opportunity of stipulating to pay such an increased verdict in lieu of suffering a new trial.'' The plaintiff cannot claim that she is. being deprived of her trial by jury because of the Appellate Division's action in giving her the maximum amount she would be allowed to recover by a jury verdict as a matter of law. Had she received a verdict in excess of that sum, the Appellate Division could have set it aside as excessive.

In the present case the Appellate Division is not reversing a factual finding by the jury '' upon the right of the parties '', but is affirming their finding of liability; determining that the damages awarded thereon were inadequate as a matter of law and announcing the limit of the damages awardable as a matter of law.

One of the defendants raises the issue that plaintiff does not have an appeal as of right, citing *Miozzi* v. *Armstrong Coal Co.* (283 N. Y. 567), where we dismissed an appeal from a judgment of the Appellate Division unanimously reversing an order of the Trial Judge for a new trial and reinstating the verdict. By the settled practice of this court, such a judgment was considered, prior to 1942, to be tantamount to an affirmance (see, e.g., *Markiewicz* v. *Thompson*, 246 N. Y. 235; *Garrison* v. *Sun Print. & Pub. Assn.*, 222 N. Y. 691). That result was reached because former section 588 of the Civil Practice Act permitted an appeal as of right from a final judgment or order " of reversal or modification " rendered by the Appellate Division without specifying what was to be reversed or modified. Thereafter, section 588 was amended so that subdivision 1 (par. [b], cl. [ii]) now reads that an appeal as of right is available when: " the appellate division direct a reversal or modification of the judgment or order *appealed from* " (emphasis supplied).

As the Judicial Council Report reveals (Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 422, 423), the italicized words were added to make clear the legislative intent that a determination of the Appellate Division reversing an order of the Trial Judge for a new trial and reinstating the verdict, is to be treated as a reversal for the purpose of an appeal to this court. (See, also, *Matter of Active Fabrics Corp* [*Rosedale Fabrics*], 299 N. Y. 678; *Baillargeon* v. *Jacques*, 299 N. Y. 792.)

The judgment should be affirmed, with costs.

DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur; DYE, J., taking no part.

Judgment affirmed.