■ SUZANNE M. SMITH, Appellant, v. DOUGHBOY'S AUTO SALES CORP. et al., Defendants, and MARCUS SCHWARTZ, Respondent.— Order and judgment unanimously affirmed, with costs to respondent. Plaintiff, if she be so advised, is given leave to move to vacate the dismissal on a proper affidavit of merits. (*Barnett Co.* v. *St. Paul Fire & Mar. Ins. Co.*, 7 A D 2d 897; *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942; *Davis* v. *Cunard S. S. Co.*, 284 App. Div. 1036; *Cooper* v. *Schnabolk*, 283 App. Div. 937.) Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ DE LONG CORPORATION, Respondent, v. J. RICH STEERS, INC., Appellant, et al., Defendant. DE LONG CORPORATION, Respondent, v. MORRISON-KNUDSEN COMPANY, INC., Appellant, et al., Defendant.— Orders unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements on each appeal, and the motions granted, with $10 costs on each motion, but with leave to plaintiff to move to vacate the dismissal upon proper papers including an affidavit of merits by the party plaintiff. The separate appeals of the defendants from the orders of Special Term, which denied defendants' motion to dismiss the complaints for failure to prosecute, are considered together for reasons of convenience. In this action, which charges wrongful inducement to breach an employment contract and wrongful utilization of trade secrets and confidential information obtained from a former employee of the plaintiff, issue was joined in October and November, 1956. Further proceedings were delayed pending the outcome of a prior action brought by the plaintiff against its former employee, which action has now been determined. In light of this record, the nature of the action, and the nature of the Federal action referred to, it may well be that the inaction or delay could be excused. The plaintiff, however, may not be relieved of its responsibility to file the required affidavit of merits. We have repeatedly held that a failure to prosecute requires the dismissal of an action in the absence of a showing of merits (*Barnett Co.* v. *St. Paul Fire & Mar. Ins. Co.*, 7 A D 2d 897; *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942). Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ JOSEPH FELIKS, Appellant-Respondent, v. AMERICAN BAMBOO CORP. et al., Respondents, and HENRY SHEA, Respondent-Appellant.— Judgment unanimously affirmed. Costs are not allowed in view of the excessive length of the respondents' brief. (See *Cohon & Co.* v. *Pennsylvania Coal & Coke Corp.*, 10 A D 2d 667, decided March 1, 1960.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ JAMES McVAY, JR., an Infant, by JAMES McVAY, SR., His Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Judgment appealed from unanimously reversed on the law and on the facts and in the exercise of discretion because of the inadequacy of the damages awarded and a new trial ordered, with costs to the appellants, unless the defendant, the Board of Education of the City of New York, stipulates to increase the verdict for the infant plaintiff to the sum of $35,000, in which event the judgment, as so modified, is affirmed, with costs to appellants. (See *O'Connor* v. *Papertsian*, 309 N. Y. 465.) On the evidence in this case, the amount awarded by the jury to the infant plaintiff was grossly inadequate. The appeal from the ruling of the trial court denying plaintiffs' motion to set aside the verdict and for a new trial, incorrectly designated as an order in the notice of appeal, is dismissed. The ruling has been reviewed on the appeal from the judgment and no separate appeal may be taken therefrom in the absence of the entry of a formal order. (Civ. Prac. Act, § 549.) Settle order. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.