■ EDWARD WEGLARZ, Respondent-Appellant, v. CITY OF NEW YORK, Appellant-Respondent, et al., Defendants.— In an action to recover damages for assault, malicious prosecution and false imprisonment, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, dated March 27, 1958, made after a jury trial, granting the motion of the defendant city, pursuant to section 549 of the Civil Practice Act, to set aside the jury's verdict in plaintiff's favor and for a new trial, and denying the city's motion to dismiss the complaint: The plaintiff appeals from so much of said order as sets aside the verdict and grants a new trial. The defendant city appeals from so much of said order as denies its motion to dismiss the complaint. The jury rendered a verdict in favor of the plaintiff in the sum of $40,000 for the assault; $137,500 for the malicious prosecution; and $45,000 for the false imprisonment, the total verdict being $222,500. The trial court held that the verdict was grossly excessive and that the jury had been influenced by the inflammatory and prejudicial remarks of plaintiff's counsel during his summation. On these grounds the court ordered a new trial, although there had been two previous mistrials and although the defendant had made no motions for a mistrial during the summation but had excepted to some of the prejudicial and inflammatory remarks. The city in its brief requests that its appeal be dismissed, conceding that the denial of its motion to dismiss was proper but contending that the granting of its motion to set aside the verdict and to direct a new trial was also proper. By reason of the fact that there had been two mistrials previously, the city now consents to a disposition which will allow the parties to elect to accept such award as this court deems proper. The plaintiff requests reinstatement of the verdict or its reduction in order to put an end to this lengthy litigation.

Appeal by defendant city dismissed, without costs. On plaintiff's appeal: Order modified on the law and the facts in the exercise of discretion and in the interests of justice, by: (1) striking out the first decretal paragraph, which grants the city's motion to set aside the jury's verdict and for a new trial; and (2) substituting therefor a paragraph granting such motion, unless, within 20 days after the entry of the order hereon, the plaintiff shall stipulate to reduce the total verdict to $12,000, in which event the city's said motion is denied. As so modified, order insofar as appealed from by plaintiff affirmed, without costs. No doctor treated the plaintiff for the alleged injuries received in his assault by the police officers, and he makes no claim of permanent injury. He was released on $5,000 bail on the day following his arrest, and he was acquitted thereafter in the County Court. Other than the $1,600 for litigation expenses, no special damages are shown. Pursuant to leave, the plaintiff has perfected his appeal on the record printed by the defendant and on typewritten briefs. Since punitive damages were not involved and may not be recovered, the verdict was grossly excessive. Under the circumstances shown in this record and in view of the contentions advanced in the briefs of the respective parties, it is our opinion that an award of $12,000 would not be excessive, but that only the plaintiff should have the option of stipulating to such reduction (see, e.g., *O'Connor* v. *Papertsian*, 309 N. Y. 465, 471; *McCrain* v. *City of New York*, 12 A D 2d 482). Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.