■ In the Matter of SIL-TONE COLLISION, INC., Appellant, v LESLIE G. FOSCHIO, as Commissioner of the New York State Department of Motor Vehicles, Respondent. — In a CPLR article 78 proceeding to review a determination of the respondent Commissioner of the Department of Motor Vehicles, which approved the recommendations of the Repair Shop Review Board that the finding of an administrative law judge, made after a hearing, that petitioner had committed a fraud or a deceptive practice be affirmed and that the petitioner's repair shop license be revoked, the appeal is from a judgment of the Supreme Court, Kings County (Berkowitz, J.), dated December 8, 1982, which dismissed the petition on the merits. Judgment reversed, on the law, with costs, petition granted to the extent of annulling so much of the respondent commissioner's determination as imposed a penalty upon petitioner, and matter remitted to the respondent commissioner for the imposition of a new penalty, which shall in no event exceed a seven-day suspension of petitioner's registration and a civil penalty in the sum of $100. The petitioner, an auto body and repair shop, was charged with, *inter alia,* committing a fraud or a deceptive practice in charging a customer over $1,600 for repairs that were never made on a vehicle which was destroyed by fire in its facility. A hearing was conducted before an administrative law judge who found that petitioner had committed a fraud or deceptive practice. Accordingly, the administrative law judge suspended petitioner's certificate of registration for seven days and imposed a civil penalty in the sum of $100. The administrative law judge's determination was made pursuant to paragraph (g) of subdivision 1 and subdivision 2 (pars [a], [b]) of section 398-e of the Vehicle and Traffic Law which provide, in pertinent part, as follows: "1. Suspension, revocation or refusal to issue registration. The commissioner, or any person deputized by him, may * * * suspend or revoke the registration of any motor vehicle repair shop issued pursuant to this article or refuse to issue a renewal thereof if he determines that such applicant or registrant * * * (g) has been guilty of fraud or fraudulent or deceptive practices * * * 2. Civil penalty; suspension for failure to pay. (a) The commissioner, or any person deputized by him, may, by order, require the registrant to pay to the people of this state a penalty as hereinafter

provided. Such penalty may be imposed in addition to or in lieu of revoking or suspending the certificate of registration of a registrant in accordance with the provisions of this article, or such a penalty may be imposed upon a finding that a registrant: (i) has been grossly negligent in the performance of any repair or adjustment covered by this article; or (ii) has grossly overcharged for such repair or adjustment * * * (b) Such penalty shall be in a sum not exceeding three hundred fifty dollars for each violation, except that if a finding of financial loss had been made pursuant to subdivision three of this section, the amount of such penalty may be increased by the amount of financial loss so found." On appeal by the petitioner to the Repair Shop Review Board, the board affirmed the administrative law judge's determination regarding the fraud or deceptive practice committed by the petitioner but unanimously modified the penalty which she had imposed by increasing it to a revocation of petitioner's certificate of registration. The review board then forwarded its determination to the respondent commissioner who approved the penalty of revocation. The instant CPLR article 78 proceeding ensued, in which petitioner argued, *inter alia,* that the review board could not, on an appeal by the petitioner, modify by increasing the penalty imposed by the administrative law judge. Special Term dismissed the petition on the merits. We reverse. Section 398-f (subd 3, par [b], cl [1]) of the Vehicle and Traffic Law authorizes the registrant of a motor vehicle repair shop to appeal the suspension or revocation of a certificate of registration, or the imposition of a penalty, to the review board. Section 398-f (subd 3, par [a]) provides: "3. Appeals. (a) The review board will review all appeals filed pursuant to this article and will make recommendations to the commissioner as to the disposition of such appeals. Such recommendation may be to affirm, reverse or modify the initial determination of the hearing officer, or to remand the case for a further hearing to determine additional facts. Any review by such board shall be based solely on the record upon which the initial determination is made and upon any written brief which may be submitted by or on behalf of the applicant or registrant." The respondent contends that the power granted to the review board to "modify the initial determination" (Vehicle and Traffic Law, § 398-f, subd 3, par [a]), includes the power to increase any penalty imposed by the administrative law judge. We disagree. "Where a statute provides for an application to and determination by one officer with provision for appeal from such determination to another officer or body or for review by such an officer or body, the reviewing body has been held to have jurisdiction to act only upon an appeal made and to have no jurisdiction to act on its own motion or in the first instance" (2 Am Jur 2d, Administrative Law, § 542, p 353). In construing an administrative appeal structure somewhat similar to the one at bar, the Supreme Court of Minnesota stated *(Barlau v Minneapolis-Moline Power Implement Co.,* 214 Minn 564, 573): "A hearing before and a decision by a referee are essentially judicial in character, because he is required to exercise his judgment on disputed questions of law and fact in deciding the rights of the parties. A judicial determination must be by independent action. The statute provides, in effect, that in deciding cases assigned to him a referee shall exercise an independent judgment which shall be final, subject to review on appeal. See Butterworth v. Hoe, 112 U. S. 50 * * * The language in the provisions relating to appeals is couched in terms applicable to appeals from one court to another. The mode of disposition of appeals from a referee to the commission is similar to that from a trial court to the supreme court. Under § 605.05 (§ 9494), this court, in civil actions, upon an appeal 'may reverse, affirm, or modify the judgment or order appealed from.' This is not different, in substance, from § 176.57 (§ 4316), which provides that the commission may either sustain or reverse the commissioner's or referee's award or disallowance

of compensation or make such modification thereof as it shall deem proper. By assimilating the rules with respect to appeals in the courts to appeals from a referee to the commission, the same rules of law are made applicable." The power of modification possessed by the appellate courts of this State does not normally include the power to modify a judgment or order appealed from, adversely to an appellant (CPLR 5522; CPL 470.10, subd 2; 470.15; 470.35; *Edelstein & Co. v Ambassador Inc. Co.*, 86 AD2d 83). The authorities cited by the respondent in support of his argument that the review board had the power to modify upward the penalty imposed in the registrant, are inapposite. Citing *Pinelli v Mall Ice Skating Rink* (59 AD2d 839), the respondent argues that the "power of modification includes, *inter alia,* the power to increase the amount of judgment". However, *Pinelli* merely reiterates the long-established rule that an appellate court may, on an appeal by a plaintiff who is claiming inadequate damages, reverse and grant a new trial unless a defendant stipulates to increase the verdict as to damages (see *O'Connor v Papertsian,* 309 NY 465). Finally, we are aware (1) that subdivision 7 of section 44 of the Judiciary Law authorizes a Judge who has been sanctioned by the State Commissioner on Judicial Conduct to seek "review thereof by the court of appeals" and (2) that in its review of a determination of said commission, the Court of Appeals "may * * * reject the determined sanction [and] impose a different sanction including admonition, censure, removal or retirement" (Judiciary Law, § 44, subd 9). The specific and broad language of subdivision 9 of section 44 of the Judiciary Law is clearly distinguishable from the use of the word "modify" in section 398-f (subd 3, par [a]) of the Vehicle and Traffic Law. Accordingly, we conclude that upon petitioner's appeal to the review board, the board lacked the authority to increase the penalty imposed upon the petitioner by the administrative law judge. Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.