■ In the Matter of CARMEL COLLISION SPECIALISTS, INC., Petitioner, v COMMISSIONER OF MOTOR VEHICLES et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Motor Vehicles, dated November 22, 1982, which approved the recommendations of the Repair Shop Review Board that the finding of an administrative law judge, made after a hearing, that petitioner had committed a fraudulent practice be affirmed, and that petitioner's repair shop certificate of registration be revoked and a civil penalty in the sum of $100 be imposed.

Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed and the matter is remitted to the respondent Commissioner for the imposition of a new penalty which shall not exceed a 10-day suspension of petitioner's repair shop certificate of registration and a civil penalty in the sum of $100. As so modified, determination otherwise confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements.

Petitioner, a corporation which operates an auto body repair shop, was charged with committing a fraudulent practice, and after a hearing, an administrative law judge found that petitioner had committed the fraudulent practice. Accordingly, the administrative law judge suspended petitioner's certificate of registration for 10 days and imposed a civil penalty in the sum of $100 pursuant to subdivision 1 (par [g]) and subdivision 2 (pars [a], [b]) of section 398-e of the Vehicle and Traffic Law.

On appeal by the petitioner to the Repair Shop Review Board, the administrative law judge's findings of fact regarding the fraudulent practice committed by the petitioner were affirmed but the Board unanimously modified the penalty which he had imposed so as to revoke petitioner's certificate of registration instead of merely suspending it for 10 days.

In *Matter of Sil-Tone Collision v Foschio* (96 AD2d 511) this court held that the Repair Shop Review Board could not, pursuant to its power to "modify the initial determination of the hearing officer" (Vehicle and Traffic Law, § 398-f, subd 3, par [a]), increase any penalty imposed by the administrative law judge. Accordingly, the matter must be remitted to the respondent Commissioner for the imposition of a new penalty not to exceed a 10-day suspension of petitioner's certificate of registration and a civil penalty in the sum of $100.

In view of our determination, we need not address petitioner's contention that the penalty of revocation of its registration "is shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234). Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.