■ HELEN CARLOVICH, Respondent, v. FRANK CARLOVICH, Appellant.— Action to annul a marriage on the ground of fraud, and to recover money expended in reliance on the alleged fraudulent representations. Issues of fact in the annulment cause were framed and tried before a jury on February 14, 1956. At the close of plaintiff's case the complaint was dismissed. On March 6, 1956 the learned Justice who had presided at the trial granted a motion to vacate the proceedings and ordered a new trial, stating in the presence of both counsel that he had not had jurisdiction to grant the motion to dismiss because the trial had been on framed issues. The appeal is from the order entered thereon. Order reversed, without costs, and motion denied, without costs. In the absence of anything to the contrary in the record before us we assume that the jury was discharged immediately following the granting of the motion to dismiss. Since more than 15 days had elapsed after the jury had been discharged, the court no longer had jurisdiction to set aside the dismissal of the complaint and to grant a new trial (Civ. Prac. Act, § 549; Rules Civ. Prac., rule 60-a). The record on appeal does not disclose circumstances which warrant affirmance in the interests of justice (see *Ladd* v. *Stevenson,* 112 N. Y. 325). Wenzel, Acting P. J., Murphy, Hallinan and Kleinfeld, JJ., concur. Beldock, J., dissents and votes to affirm, with the following memorandum: The sole ground for the reversal of the order appealed from is (an argument not advanced by appellant) that the motion which resulted in the order was not made within the 15-day time limitation prescribed by rule 60-a of the Rules of Civil Practice for motions under section 549 of the Civil Practice Act. In my opinion, the motion which was granted by the Justice at Trial Term below was not made under section 549, nor was it made upon the Judge's minutes. Therefore, the 15-day time limitation does not apply. The motion was to vacate the dismissal of the complaint, which was in effect a motion for reargument of the motion to dismiss the complaint.

■ ANNA CANNAZARO et al., Respondents, v. MANHATTAN OPERA HOUSE BALLROOMS AND BANQUET HALLS, INC., Appellant.— In an action by the respondent Anna Cannazaro to recover damages for personal injuries sustained when she fell on a stairway in a building operated and controlled by appellant, and by her husband for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict in favor of the respondents. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ ELJAY CONTRACTING CORP., Respondent, v. CENTRAL GARDENS UNIT No. 1 INC., et al., Appellants.— In an action to recover for work, labor and services performed and materials furnished in erecting concrete structures on appellants' housing development, the appeal is from a judgment in favor of respondent rendered after trial before an Official Referee. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.