Joseph A. Suozzi, J.
After the jury rendered its verdict in this action for damages for personal injuries and property damages caused by the defendants’ negligence, plaintiff moved to set aside the verdict “ on the basis of inadequacy and on the *525 ground that the jury has compensated the plaintiff merely for her special damages, with no consideration given for her pain and suffering and her injuries. ’ ’ Plaintiff further requested that the retrial be solely for an assessment of damages, since the jury herein has already decided the issue of liability. In the alternative, plaintiff requested a retrial of the entire case.
Upon all of the evidence this court finds that the verdict was inadequate and should be set aside. It is clear, as plaintiff’s counsel has stated, that the jury failed to consider the nature- and extent of plaintiff’s injuries or the pain and suffering endured.
While the court is aware that the Appellate Division, Fourth Department (Schroeder v. Syracuse Tr. Corp., 9 A D 2d 1012; Vzga v. Forrest, 10 A D 2d 604), has held that a new trial must be upon all the issues in situations similar to the one at bar, the Appellate Division of this Second Department has not so held so far as this court is able to determine. There is some authority in Appellate Term decisions for the contrary view (e.g., Comarow v. Levy, 115 N. Y. S. 2d 873; Rosenthal v. Bellamy Trading, 63 N. Y. S. 2d 544). There is, in addition, ample authority for the proposition that a court has the power, pursuant to subdivision 3 of section 443 of the Civil Practice Act, to direct separate trials in the first instance of the issues of liability and damages in negligence actions in proper circumstances (Berman v. II. J. Enterprises, 13 A D 2d 199; Mihalchik v. Schepis Constr. Co., 8 A D 2d 618; Chudyk v. 5th Ave. Coach Line, 6 A D 2d 1003). This court believes that it has similar discretionary power in directing a retrial of some or all of the issues after setting aside the verdict of a jury.
It is clear that if the jury here heeded the court’s charge, as we must assume it did, the question of defendant’s negligence and plaintiff’s freedom from contributory negligence was resolved in plaintiff’s favor before the issue of damages was ever considered. This court can see no reason to require a retrial of all the issues when it finds fault only with that portion of the verdict that relates to damages. The interests of justice will best be served if plaintiff is not required to retry issues already decided by a jury. In addition, the court believes that the congested condition of our calendar, in this county particularly,' militates against unnecessary time being taken Avith retrials.
Accordingly, plaintiff’s motion to set aside the verdict on the ground of inadequacy is granted, and the action may be set do-wn for a new trial, on the issue of damages only, at the foot of the Ready Calendar in the June 1963 Term of this court.