■ JEAN THOMPSON, by Her Guardian ad Litem, GEORGIA THOMPSON, Respondent, v. GROFRIED REALTY CORP., Appellant.— In a negligence action to recover damages for personal injury, defendant appeals from a judgment of the Supreme Court, Kings County, entered March 27, 1961 after trial upon a jury's verdict in plaintiff's favor for $15,000. Judgment affirmed, with costs. No opinion. Kleinfeld, Acting P. J., Christ and Rabin, JJ., concur; Hill and Hopkins, JJ., dissent and vote to reverse the judgment and to grant a new trial unless plaintiff shall stipulate to reduce to $10,000 the verdict in her favor; and if plaintiff so stipulates, vote to affirm the judgment as thus reduced, with the following memorandum: In our opinion under all the circumstances disclosed by this record, the verdict of $15,000 was excessive at least to the extent indicated.

■ HELENE ZIMMER, Respondent, v. ALTHEA BRIDEN et al., Appellants.— In an action to recover damages for injury to person and property resulting from the alleged negligent operation of a motor vehicle owned by the male defendant and operated by the female defendant, both defendants appeal from an order of the Supreme Court, Nassau County, entered May 29, 1963, which granted plaintiff's motion, made after a jury trial, to set aside the jury's verdict on the ground of inadequacy and to direct a new trial " on the issue of damages only." Order modified on the facts by striking out the provision which limits the new trial to the issue of damages only, and by substituting therefor a provision directing that the new trial shall be had upon all of the issues. As so modified, order affirmed, with costs to defendants to abide the event of the new trial. The interests of justice require that a new trial be had with respect to all of the issues. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur. [39 Misc 2d 524.]