GEORGE MERCADO, as Administrator of the Estate of CARMEN MERCADO, Deceased, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, February 15, 1966.

*Benjamin H. Siff* of counsel (*Charles Kramer* with him on the brief; *Nathan Diamond,* attorney), for appellant.

*Judah Dick* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondent.

EAGER, J.   On basis of the record in this action for wrongful death, the trial court's power and discretion was properly exercised to set aside the verdict of $75,000 as grossly excessive. But, under the circumstances here, a retrial of the issue of liability is neither necessary nor required in the interests of justice.

The liability issue and the damage issue in an action, grounded in negligence, to recover for personal injuries or wrongful death, represent distinct and severable issues which may be tried and determined separately.  As a measure for relief from calendar congestion, as a means of lightening the burden of litigation and in the furtherance of the interests of justice in particular cases, the separate disposal of such issues is an accepted and useful practice.  This is an authorized procedure under varying circumstances, including in summary judgment practice (see Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 201–203) and, also, in trial practice.  It is well settled that a trial court may properly exercise its power to sever the issues and direct that a trial be held first solely upon the issue of liability, with a separate trial thereafter of the damage issue if liability is determined in favor of plaintiff. (CPLR 603; *Berman* v. *H. J. Enterprises,* 13 A D 2d 199, 201 and cases cited.  Also, *Bliss* v. *Londner,* 20 A D 2d 640; *Feldstein* v. *Greater N. Y. Councils, Boy Scouts of America,* 16 A D 2d 771.)

Furthermore, following a trial of the issues, whether tried together or separately, the severability thereof is properly a

matter for consideration upon a motion to set aside the verdict of a jury and for a new trial. The court is authorized to order "a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence [or] in the interest of justice". (CPLR 4404, subd. [a].) These statutory provisions expressly confer upon the court the discretion to order a partial new trial where the finding of the jury as to a separable issue is erroneous. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.34.) It is said that "there rests in an appellate court the right to exercise a sound discretion to direct a partial new trial in any action" (*Crawford* v. *Town of Hamburg,* 19 A D 2d 100, 105–106). In view of the discretion now vested in the trial or appellate courts, "if the circumstances of a particular case indicate that a just result can be arrived at only by a complete new trial, the court may order it. But where the error affects only the determination of some of the issues, the court can order the retrial solely of those issues, thus saving the parties and the state the time, expense and trouble of a new trial of the properly-decided issues." (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 200.)

The determination of the liability issue is the basis of and inherent in a general verdict for plaintiff in a personal injury or wrongful death action. Where the questions of negligence and freedom from contributory negligence have been fully and fairly tried and properly submitted to the jury, and the record is free from error affecting the trial or submission, then, the verdict, if supported by the evidence, may properly be accepted as conclusively settling the same. If the verdict was in plaintiff's favor and, upon the record, is vulnerable only for excessiveness, the defendant is not entitled as a matter of right to a second trial of the liability issue (see *O'Connor* v. *Papertsian,* 309 N. Y. 465; *Herrman* v. *United States Trust Co.,* 221 N. Y. 143); the court may accept the verdict as dispositive of the liability issue and direct a new trial solely on the damage issue. (CPLR 4404; 4 Weinstein-Korn-Miller, *supra*; see *Finch* v. *Brown & Bartholomew,* 13 Wend. 601; *Rosenthal* v. *Bellamy Trading,* 63 N. Y. S. 2d 544; *Clohessy* v. *Broadway Maintenance Corp.,* 19 A D 2d 701; *Zimmer* v. *Briden,* 39 Misc 2d 524, mod. 20 A D 2d 664; *Reiback* v. *Malibu Shore Club,* 23 A D 2d 829; *Hacker* v. *City of N. Y.,* 25 A D 2d 35; *Lindwall* v. *Talent Cab Corp.,* N. Y. L. J., Dec. 14, 1964, p. 17, col. 4, affd. 24 A D 2d 1081; *Comarow* v. *Levy,* 115 N. Y. S. 2d 873.)

The power of the court is to be exercised in the interests of justice. If such interests so require, the court should **direct a new trial on all the issues.** (See *Zimmer* v. *Briden, supra; Klem*

v. *Pavarini Constr. Co.,* 24 A D 2d 486.)   And, where the question of damages is so interwoven with or related to that of liability that the former cannot properly or adequately be submitted to the jury independent of a consideration of the proofs bearing on the liability issue, then, ordinarily, there is no justification for a severance of the issues.   (See *Gasoline Prods. Co.* v. *Champlin Co.,* 283 U. S. 494, 500.)   On the other hand, if there is interdependency of proofs bearing on the respective issues and the rights of the defendant will not be prejudiced by a separate trial of the damage issue, then, it is proper and right that a retrial be had solely on such issue.

In this case, the liability of the defendant for the death of plaintiff's intestate allegedly caused by the malpractice and negligence of defendant's employees in her care and treatment in defendant's hospital represented an issue which was separate and distinct from the issue as to the damages sustainable by reason of such death.   The two issues required and were the subject of independent testimony and proofs.   The issue as to liability was fairly and fully litigated and was properly submitted to the jury on a charge which was not excepted to.   The jury, by a general verdict in favor of the plaintiff, determined that issue in his favor and against the defendant.   The verdict as to liability is well supported and the trial court expressly denied defendant's motion to set it aside as against the weight of the evidence.   This was not a compromise verdict; nor was there anything in the record or in the verdict to indicate that the finding of liability was the result of an improper feeling of prejudice against the defendant or of sympathy toward the plaintiff; and there is no meaningful reason to believe that a jury, on a retrial of the issue of liability, would properly reach a different result.   Under these circumstances, the interests of justice will be best served by the direction of a retrial solely of the damage issue.

The order, entered June 8, 1965, should be modified, on the law, the facts and in the exercise of discretion, to direct a new trial solely on the issue of damages; and should be otherwise affirmed, without costs or disbursements to either party.

BREITEL, J. P., McNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on June 8, 1965, so far as appealed from, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of directing a new trial solely on the issue of damages, and, as so modified, the order is affirmed, without costs or disbursements to either party.