■ HOME GAS COMPANY, Respondent, v. TADDEUS P. BANACH, Appellant. HOME GAS COMPANY, Respondent, v. FRED E. HUBERT, JR., et al., Appellants.— AULISI, J. Appeal from two orders of the Supreme Court in each of two actions, which granted plaintiff's motions to dismiss certain of defendants' separate and distinct defenses, some of which were also denominated counterclaims and directed trials of certain issues, and vacated defendants' demands for bills of particulars. Plaintiff has brought these actions under article 3-A of the Conservation Law for condemnation of storage rights beneath defendants' lands in the Town of Tyrone, Schuyler County. Defendants' answers raise issues of plaintiff's lawful operation, public necessity and good faith. The answers also allege that article 3-A of the Conservation Law, in particular section 85, is unconstitutional and counterclaimed for conversion of underground gas and trespass to land. Special Term directed that the issues of public necessity and good faith be determined at a trial. Section 85 of the Conservation Law requires certain information of newly formed gas companies that is not required of established companies. Defendants urge that this distinction between companies violates the equal protection provisions of the Federal and State Constitutions. A discriminatory statute may be challenged only by the persons personally aggrieved (*St. Clair v. Yonkers Raceway*, 13 N Y 2d 72, cert. den. 375 U. S. 970; *Tileston v. Ullman*, 318 U. S. 44; *Matter of Guardian Life Ins. Co. v. Chapman*, 302 N. Y. 226). Defendants argue that because section 85 tends to eliminate competitive bidding they have received a reduced offer but they have not shown that there were competitors who would have bid. Furthermore, a fair evaluation of their property will be made by three disinterested and competent commissioners (Condemnation Law, § 13). The second issue before us is whether Special Term erred in dismissing defendants' counterclaims. However doubtful the propriety of interposing counterclaims in condemnation proceedings, severance of " any claim " or " particular claim " thus sought to be prosecuted is permissible within the court's discretion " In furtherance of convenience or to avoid prejudice " (CPLR 603; see, also, CPLR 407). The counterclaims may and should be severed. The final question is whether Special Term was correct in vacating the demand for a bill of particulars. However, what the defendants have demanded is not properly within the scope of a bill of particulars. It is not necessary here to detail all the particulars demanded by the defendants. Suffice

it to say that names of witnesses and opinion evidence are not proper demands and other information demanded is irrelevant because the counterclaims have been severed. Orders modified so as to provide that the defendants' counterclaims be severed, and that the issue of lawful operation, as well as those of public necessity and good faith, be determined at trial term, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.