Stanley S. Ostrau, J.
Trial of this personal injury negligence action in which damages were sought for pain and suffering of the now deceased infant plaintiff as well as for his *971 wrongful death was had before this court and jury. The case was submitted to the jury on the issues of liability and damages. After five days of trial the jury returned a verdict in plaintiffs favor on the issue of liability only and reported an inability to agree on damages.
Thereafter the court entered an order and interlocutory judgment in favor of plaintiff on the liability issue and directing an assessment of damages.
Now defendant moves, alternately, for a new trial on all issues or an order declaring the recoverable damages to be nominal only, and directing the entry of judgment in that amount.
The motion is in all respects denied. Even assuming, arguendo, the motion was timely made (but, see, CPLR 4404, 4405; Carlovich v Carlovich, 2 AD2d 974) under the applicable test as set forth in Mercado v City of New York (25 AD2d 75), a new trial is warranted on the unresolved issue only. It was there stated that (p 77): "Where the questions of negligence and freedom from contributory negligence have been fully and fairly tried and properly submitted to the jury, and the record is free from error affecting the trial or submission, then, the verdict, if supported by the evidence, may properly be accepted as conclusively settling the same. If the verdict was in plaintiff’s favor and, upon the record, is vulnerable only for excessiveness, the defendant is not entitled as a matter of right to a second trial of the liability issue (see O’Connor v Papertsian, 309 NY 465; Herman v United States Trust Co., 221 NY 143)”.
If the above applies where there is an error on the record in determination of one of the issues, the same should apply a fortiori where there is no error evident, merely a failure to determine that issue.
This is not a case as indicated in Mercado (supra) where the issue of liability and damages are so interwoven. In the interest of justice and considering the congestion of the calendar, a new trial on all the issues is not warranted here. Here the damages sustainable by virtue of the infant’s death were separate and distinct from that of liability. Nor may it be fairly inferred from the jury’s inability to reach a verdict that only nominal damages should be awarded.