■ Toris Mignott et al., Respondents, v Sears, Roebuck & Co., Appellant and Third-Party Plaintiff-Appellant. Singer Furniture Company, Third-

Party Defendant-Appellant and Fourth-Party Plaintiff, et al., Fourth-Party Defendants. — Order, Supreme Court, Bronx County (Fusco, J.), entered August 10, 1983, denying the motion of defendant and third-party plaintiff Sears, Roebuck & Co. and third-party defendant the Singer Company for a complete trial and directing that a bifurcated trial be held on the issues of liability and damages, reversed, on the law and the facts and in the exercise of discretion, and the motion for a complete trial granted, without costs or disbursements. ¶ While it lies within the discretion of the court to sever an issue to further convenience (CPLR 603; see, also, *Home Gas Co. v Banach,* 26 AD2d 758), a separate trial should not be ordered "where the nature of the injuries has an important bearing on the issue of liability" (*Schwartz v Binder,* 91 AD2d 660, citing *Cully v City of New York,* 25 AD2d 519). Plaintiff alleges that she was struck in the head by a mirror attached to a dresser on display on a sales floor of a Sears, Roebuck store. The defendant contends that, while there was no possible way for this to have happened, even conceding that it did happen would not account for the only injury that plaintiff alleges, psychiatric dysfunction. One of plaintiff's own physicians finds her condition "enigmatic". He states "[i]t is clear that the minor accident and head trauma did not cause this problem by physical means alone: there was never any evidence of concussion of the cerebrum, immediately or delayed, nor any evidence of intracranial hemmorrhage [*sic*]. She denies any previous psychological symptoms, as does her husband". Given these circumstances the question of damages is so interwoven with that of liability that discretion is abused when they are ordered to be tried separately (see *Mercado v City of New York,* 25 AD2d 75). Concur — Ross, J. P., Bloom and Lynch, JJ.

Asch and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: We disagree and would affirm the order directing that a bifurcated trial be held. Special Term acted within its discretion and there is no resulting prejudice to appellant. ¶ Plaintiff, Toris Mignott, was injured while shopping for furniture at a Sears, Roebuck store, when a mirror attached to a display dresser fell, striking her in the head and, allegedly, resulted in injuries with psychological symptoms, postconcussion syndrome, traumatic epilepsy, nervousness and anxiety. ¶ Generally, a motion for a bifurcated trial is addressed to the discretion of the court and, on this record, it does not appear that there was an abuse of discretion. Contrary to the conclusion of the majority, the damage issues are not intertwined with the liability issues in any significantly greater degree than in other personal injury actions. Appellant argues that the accident was of a minor nature and did not cause plaintiff's psychological problems. Thus, it will be necessary to offer medical proof to establish the absence of a causal connection between the accident and the injuries, which is the general pattern in personal injury trials. However, once liability has been fixed, it may then be established on the damage trial that the injuries did not proximately result from the occurrence. The direction for a bifurcated trial will permit the several parties to initially establish their respective liability. It will not, however, preclude the defendants from offering relevant proof as to damages. ¶ *Schwartz v Binder* (91 AD2d 660), relied upon by the majority, is clearly distinguishable. There, plaintiff alleged that she had suffered amnesia, a condition which had a direct bearing upon the issue of liability since it permitted the jury to consider whether plaintiff should be held to a lesser degree of proof under the standard adopted in *Schechter v Klanfer* (28 NY2d 228). Similarly inapplicable is *Mercado v City of New York* (25 AD2d 75), a wrongful death action, where we modified Trial Term's order, setting aside a verdict as excessive and ordering a new trial, to direct a trial solely on the issue of damages. We found the liability issue to have been fully and fairly litigated and, accordingly, the direction that there be a retrial on that issue

was unwarranted. The case did not involve the issue of an abuse of discretion in directing a bifurcated trial. ¶ Bearing in mind the scope of the court's discretion on such a motion, we find no abuse to warrant our intervention. The operative standard is whether there was a proper exercise of discretion, not whether we would have decided the matter differently in the first instance.