■ JOHN McCORMACK, on Behalf of Himself and All Other Shareholders of GRAPHIC MACHINERY SERVICES, INC., Respondent, v GRAPHIC MACHINERY SERVICES, INC., Defendant and Third-Party Plaintiff-Appellant, and K & R GRAPHIC MACHINERY, INC., Appellant. J. P. FORAN et al., Third-Party Defendants-Respondents.—In a stockholder's derivative action, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (LeVine, J.), dated April 14, 1986, as (a) granted that branch of plaintiff's motion which was for summary judgment, (b) denied their cross motion, inter alia, to dismiss the complaint, (c) set the main action down for an inquest, and (d) severed the third-party action; (2) stated portions of an order of the same court dated October 27, 1986, which, inter alia, (a) denied that branch of their motion which was for renewal and reargument, (b) denied that branch of their motion which was to

strike the plaintiff's amended complaint, and (c) denied that branch of their motion which was to strike the third-party defendants' answer; and (3) an order of the same court (Durante, J.) dated March 26, 1987, which denied their motion to vacate the plaintiff's note of issue and for leave to amend their answer to interpose a counterclaim.

Ordered that the orders dated April 14, 1986 and October 27, 1986, respectively, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 26, 1987 is modified, by deleting therefrom the provision which denied their branch of the defendants' motion which was to vacate the plaintiff's note of issue, and substituting therefor a provision granting that branch of the motion and directing the plaintiff to produce certain records and documents which they agreed to produce and which are set forth in the defendants' notice of return of depositions; as so modified, the order dated March 26, 1987 is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs, and the plaintiff's time to produce the discovery items in question is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

In this shareholder derivative action the plaintiff John McCormack was a stockholder, officer and director of a closely held corporation which sold and serviced printing presses. He alleged that the individual defendants conspired to unilaterally dissolve the lucrative corporation, loot the corporation, and divert corporate opportunities to a corporation currently owned by two of the individual defendants.

Summary judgment was properly granted the plaintiff. The plaintiff in his moving papers set out a prima facie case of the defendants' breach of fiduciary duty. The defendants' showing in opposition consisted solely of an attorney's affirmation made without personal knowledge of the facts. It is well settled that the initial burden in a motion for summary judgment is on the movant to establish by means of admissible evidence his prima facie entitlement to summary judgment as a matter of law (see, Jones v Brooklyn Union Gas Corp., 133 AD2d 262; see also, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967; Zuckerman v City of New York, 49 NY2d 557, 562). The burden then shifts to the opposing party to tender evidence in admissible form creating a triable issue of fact (Jones v Brooklyn Union Gas Corp., supra).

The plaintiff met his burden; the defendants did not since

their sole submission was the defense counsel's hearsay affirmation (see, Zuckerman v City of New York, supra).

The third-party action was properly severed. CPLR 603 grants the court discretion to sever any claims or issues and to order a separate trial in furtherance of convenience or to avoid prejudice (see also, Home Gas Co. v Banach, 26 AD2d 758). In the case at bar, triable issues of fact obviously existed in the third-party action. The severance was an expeditious means of avoiding the unnecessary burdening of the court with a trial of the full action.

That branch of the defendants' motion which was to vacate the plaintiff's note of issue should have been granted. The plaintiff had agreed to turn over certain items of discovery which he never produced. Certain of these items are germane to the issue of damages to be decided at the ordered inquest; therefore the note of issue should be vacated in order to allow the defendants an opportunity to complete discovery.

That branch of the defendants' motion which was for leave to amend their answer to interpose a counterclaim was properly denied. The allegations in the proposed counterclaim went to the issue of liability which had already been decided, not to the pending damages issue. In any event, the proposed counterclaim, which alleged new facts, was unaccompanied by the requisite affidavit of merit (see, Manginaro v Nassau County Med. Center, 123 AD2d 842; March v St. Volodymyr-Ukranian Catholic Church, 117 AD2d 864). The parties' remaining contentions are without merit. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.