ASM Capital, LP v Four Wood Capital Partners LLC (2023 NY Slip Op 50389(U))

[*1]

ASM Capital, LP v Four Wood Capital Partners LLC

2023 NY Slip Op 50389(U)

Decided on April 28, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2023
Supreme Court, New York County

ASM Capital, LP, Sanford Scott and Co. LLC, Plaintiff,

against
Four Wood Capital Partners LLC, Worldwide Group LLC, Christopher Ragucci, Defendant.

Index No. 657238/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 were read on this motion to BIFURCATE.
In this action, plaintiffs allege that defendants deprived them of the benefit of a business opportunity. Plaintiffs assert that they hired investment banker and consultant Christopher Ragucci to assist with the acquisition of operating rights for property located in Nassau County, Florida. However, instead of acting as agent for plaintiffs, it is claimed that Ragucci facilitated the purchase of the property for himself, in purported breach of fiduciary duties owed to plaintiffs.
In motion sequence 001, defendants Worldwide Group LLC and Ragucci ("Worldwide"), seek bifurcation and severance of claims for the purposes of pre-trial discovery and motion practice. Plaintiffs oppose the bifurcation and have filed a cross-motion seeking an order compelling the Worldwide defendants to produce discovery.
Severance
Worldwide seeks bifurcation and severance in the name of efficiency. Worldwide argues that, in this matter, discovery for liability and discovery for damages require the production of significantly different evidence. Worldwide argues that plaintiffs' liability claims turn solely on whether Worldwide owed plaintiffs a duty to involve it in the acquisition and development of the Florida port property. According to Worldwide, evidence in support of plaintiffs' damages should only relate to any alleged lost profits occasioned from plaintiffs' failure to acquire the subject property.
In opposition, plaintiffs argue that while the discovery on liability and damages may not be identical, the evidence is sufficiently interrelated to warrant denial of any request for severance. Plaintiffs submit that discovery related to Worldwide's actions in purchasing the port [*2]property—and the subsequent acquisition of Nassau Terminals—may be relevant to demonstrate Ragucci's alleged misconduct, the nature of his breach of fiduciary duty, his fraudulent material omissions, improper disclosure, and alleged use of plaintiffs' proprietary information. Plaintiff submits that the same discovery may also establish the scope of plaintiffs' damages.
Severance may be granted where the severing of claims will expedite the resolution of a case (Madden v Town of Greene, 894 NYS2d 854, 856 [Sup. Ct. 2010]). That said, a separate trial should not be ordered where the nature of the damages has an important bearing on the issues of liability (Mignott v Sears, Roebuck & Co., 101 AD2d 731, 732 [1st Dept 1984]).
It is well established that in actions for breach of contract, the nonbreaching party may recover general damages that are the natural and probable consequence of the breach (Kenford Co. v Cnty. of Erie, 73 NY2d 312, 319 [1989]). Thus, the facts that may support a finding of liability for contractual breach—namely, the purchase of property in contravention of contractual obligations—may also be the evidence that supports a finding of damages. Worldwide's alleged actions in acquiring the subject property, and its acquisition of new companies related to the property, may speak to the measure of recovery plaintiffs are afforded under their contractual claims. That same evidence may also either support or refute plaintiffs' entitlement to recovery on its quasi-contractual legal claims.
It is, thus, far from obvious that severance would promote the quick resolution of the claims presented here. It is not at all clear to this court, at this time, that damages are sufficiently unrelated to liability to warrant a bifurcated discovery proceedings, or trial (Mignott, 101 AD2d at 732).
Discovery
The deadline for the production of discovery was set forth in this court's preliminary conference order. All parties were directed to respond to demands by June 19, 2020 (NYSCEF doc. no. 28). That deadline was thereafter extended by stipulation to September 17, 2020 (NYSCEF doc. no. 36). On September 8, 2020, Worldwide produced 78 documents in discovery. Plaintiffs aver that Worldwide's production was deficient. Thereafter, in November of 2020, the parties engaged in motion practice and agreed by stipulation, so-ordered by the Hon. O. Peter Sherwood, to stay discovery during the pendency of the motions (NYCEF doc. no. 41).
In January of 2021, Worldwide furnished an additional 142 pages of discovery. Plaintiffs maintain that these documents were insufficient and unresponsive to whole categories of requests for information. Plaintiffs now cross-move to compel discovery and to seek sanctions against Worldwide.
In its August 31, 2021 response (NYSCEF doc. no. 52), Worldwide interposed "relevance" objections to demands 1, 14, 16, 17, 19, 20, 22, 23 and 26. In those demands, plaintiffs requested the production of the following: (1) all documents related to matters alleged in the Complaint; (14) all documents sufficient to show the employees, representatives, agents and/or consultants that have performed services for WWG since its formation; (16) all documents concerning the formation of Worldwide Terminals Fernandina LLC; (17) all documents sufficient to show Worldwide Terminals Fernandina LLC's directors, officers, and shareholders since its formation; (19) all contracts and agreements relating to the St. Mary's Property and/or Fernandina, including contracts and agreements involving Nassau Terminals LLC and/or Worldwide Terminals Fernandina LLC; (20) all documents and communications related to the structure and terms of all agreements between Four Wood, Ragucci, and/or WWG related to the investment in, and/or acquisition of, Nassau Terminals LLC and the operation of [*3]the Port of Fernandina, including the quantum and terms of the respective equity interests held by WWG, Ragucci, Four Wood, and any other party to such agreement(s); (22) all documents and communications reflecting monies contributed by Ragucci and/or WWG to the acquisition, operation, and/or development of the St. Mary's Property and/or Fernandina; (23) all documents and communications concerning the "Feasibility and Marketing Study" performed by TransSystems Corporation and John C. Martin Associates LLC from approximately January of 2019 through April of 2019, including all financial statements and other documents produced to TransSystems Corporation and John C. Martin Associates LLC in connection with the foregoing; and (26) all documents and communications sent by Ragucci and/or WWG on behalf of ASM (NYSCEF doc. no. 52).
Defendants' opposition did not address the merits of plaintiffs' discovery demands (see, NYSCEF doc. no. 64).
CPLR 3101 requires full disclosure of all matter material and necessary in the prosecution or defense of an action. The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publishing Co., 21 NY2d 403[1968]).
Although New York courts generally favor open and liberal discovery, the use of "any" and "all" language in a demand will render the notice improper since "CPLR 3120 requires that [the] documents sought to be discovered be 'specifically designated' and 'specified with reasonable particularity'" (Ganin v Janow, 86 AD2d 857, 858 [2nd Dept 1982]). Orderly disclosure procedures require that a party first ascertain identifiable documents before seeking discovery and inspection (id., citing Ramo v Gen. Motors Corp., 36 AD2d 693 [1st Dept 1971]).
Here, each one of plaintiffs' identified demands contains overbroad language seeking "any" and "all" documents related to nonparty companies, contracts, and communications. These demands, without proper tailoring as to time, place and scope are palpably improper (Orange & Rockland Utilities, Inc. v Cnty. of Rockland, 206 AD3d 668, 668-669 [2nd Dept 2022]).[FN1]

A motion to compel responses to demands is properly denied where the demands seek information which is overly broad (id.).
Sanctions
Pursuant to CPLR 3126, a court may impose sanctions upon a party where it has willfully failed to produce relevant discovery. CPLR 3126 sanctions require a willful refusal on the part of the adverse party to disclose information before the drastic remedy of dismissal or defense preclusion will be ordered (Queens Farms Dairy, Inc. v Consol. Edison Co. of New York, 63 AD2d 696, 698 [2nd Dept 1978]).
Although unsubstantiated, defendants' objections on the basis of "relevancy" do not rise to the level of willful or contumacious conduct sufficient to impose sanctions. "Willful and contumacious conduct," as would support the striking of a pleading, may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over [*4]an extended period of time (Stone v Zinoukhova, 119 AD3d 928 [2nd Dept 2014]). Such is not the case here.
Accordingly, it is hereby
ORDERED that defendants' motion to sever and bifurcate plaintiffs' causes of action (motion seq. no. 001) is denied; and it is further
ORDERED that plaintiffs' cross-motion for sanctions and to compel discovery is denied.
Dated: April 28, 2023
Robert R. Reed, J.S.C.

Footnotes

Footnote 1:Nothing in this order precludes the discovery sought if framed in a sufficiently tailored discovery demand. The use of the terms "any and "all" within the context of specific document demands is acceptable (Engel v Hagedorn, 170 AD2d 301 [1st Dept1991]).