| |
|---|
| **Floricic v City of New York** |
| 2024 NY Slip Op 31143(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No 159259/2014 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ADAM SILVERA                          PART                    40

                                    *Justice*

-----------------------------------------------------------------------X

DAVOR DAVID FLORICIC, JENNY FLORICIC,

                                 Plaintiff,

                        - v -

CITY OF NEW YORK, MTA, NYCTA, MABSTOA,
METROPOLITAN TRANSP. AUTHORITY, NYC 2 WAY
INTERNATIONAL, LTD., D.B.A. CORPORATE
TRANSPORTATION GROUP, CORPORATE
TRANSPORTATION GROUP, LTD., CORPORATE
TRANSPORTATION GROUP WORLDWIDE,
INC.,CORPORATE TRANSPORTATION GROUP
INTERNATIONAL, ALLO CORPORATE
TRANSPORTATION GROUP, LLC,CORPORATE
TRANSPORTATION GROUP, INC.,HYBRID CARS, LTD.,
BEHZON SHARIPOV, PRUDE CONSTRUCTION CORP.,

                            Defendant.

-----------------------------------------------------------------------X

PRUDE CONSTRUCTION CORP.

                            Plaintiff,

                        -against-

DELANEY ASSOCIATES, LP

                            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159259/2014 |
| MOTION DATE | 2/15/2024 |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595666/2017

The following e-filed documents, listed by NYSCEF document number (Motion 012) 517, 518, 519, 520, 521, 522, 523, 524, 525, 526

were read on this motion to/for _____ BIFURCATE _____.

Upon the foregoing documents, and after oral argument on February 15, 2024, it is

ordered that defendant the City of New York's motion seeking to bifurcate the trial is denied.

Here, moving defendant argues that bifurcation will simplify the issues for the jury,

promote expeditious resolution of this action, that the issue of liability is separate and apart from

the issue of damages, and that a unified trial would be prejudicial as the jurors would be

**159259/2014  FLORICIC, DAVOR DAVID vs. CITY OF NEW YORK**
**Motion No.  012**

Page 1 of 4

sympathetic to plaintiff upon hearing of the damages. In support, defendant the City of New York cites to, *inter alia*, CPLR §603 and 22 NYCRR §202.42(a).

Plaintiff opposes defendant's motion arguing that defendant the City of New York has failed to meet its burden to establish that bifurcation would simplify the issues. Moreover, plaintiff argues that his injuries are intertwined with the question of liability in that the jury needs all of the evidence in order to fairly decide the case. According to plaintiff, the issues of liability and damages must be tried together as the medical records, and evidence of damages, establish how plaintiff was injured and how the accident happened. In reply, defendant the City of New York argues, *inter alia*, that the issue of plaintiff's injuries have no bearing on how the accident occurred.

CPLR §603 states, in part, that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." 22 NYCRR §202.42(a) states that "Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action." Here, plaintiff alleges that he was operating his motorcycle when he was struck by a vehicle operated by defendant Behzon Sharipov. Defendant Sharipov testified that on-going construction in the roadway led to confusion as to where on the road he could turn, as the partial construction left the street unmarked and without signage. Defendant the City of New York alleges that its bicycle lane construction project was not a proximate cause of plaintiff's injuries.

The Appellate Division, First Department held that "where the question of damages is so interwoven with or related to that of liability that the former cannot properly or adequately be

**159259/2014 FLORICIC, DAVOR DAVID vs. CITY OF NEW YORK**
**Motion No. 012**

**Page 2 of 4**

2 of 4

[* 2]

submitted to the jury independent of a consideration of the proofs bearing on the liability issue, then, ordinarily, there is no justification for a severance of the issues." *Mercado v New York*, 25 AD2d 75, 78 (1st Dep't 1966). The Court of Appeals has held that the issue of comparative negligence is addressed and determined only when considering the damages that defendant owes to a plaintiff. *See Rodriguez v City of New York*, 31 NY3d 312, 318 (2018). Thus, the issue of plaintiff's comparative negligence regarding how the accident happened is, in actuality, an issue which is considered only as to damages. As such, liability and damages cannot be easily separated herein.

Moreover, the Court notes that the statutory, and case, law are clear that bifurcation is not mandatory, nor is there a presumption of bifurcation. Rather, the Appellate Division has held that "trial courts should use their discretion in determining, in accordance with the statewide rule, whether bifurcation will assist in clarifying or simplifying the issues and in achieving a fair and more expeditious resolution of the action". *Castro v Malia Realty, LLC*, 177 AD3d 58, 60 (2nd Dep't 2019). The court in *Castro* further held that "[a]lthough 22 NYCRR 202.42(a) encourages bifurcation where it may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action, it does not, on its face, contain...[a] strong...presumption in favor of bifurcation". *Id.* at 63. It is clear from the case law that "bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases." *Id.* at 66.

Here, taking into account all the facts and circumstances in this action, and in order to manage the court calendar and attain an expeditious trial, the factors for a unified trial outweigh any potential prejudice raised by the moving defendant. Moreover, the law is clear that the Court

**159259/2014  FLORICIC, DAVOR DAVID vs. CITY OF NEW YORK**
**Motion No.  012**

Page 3 of 4

3 of 4

[* 3]

**_MAY_** order bifurcation if it assists in clarification of the issues **_AND_** a more expeditious resolution of the action. *See* 22 NYCRR §202.42(a)(emphasis added). Here, a bifurcated trial will not serve to expedite this action. CPLR 4011 explicitly provides that the "court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum." The Court finds that a bifurcated trial would only serve to delay this action and prolong the case which is contrary to the purpose of the statutes cited above. Thus, for the reasons specified above and for the purpose of judicial economy, and based upon a thorough review of the Court's already full calendar, a unified trial would be most appropriate herein. As such, defendant the City of New York's motion is denied.

Accordingly, it is

ORDERED that defendant the City of New York's motion for a bifurcated trial is denied in its entirety; and it is further

ORDERED that all counsel shall appear for a conference on April 18, 2024 at 9:30am, to schedule a trial date, in room 422 of 60 Centre Street, New York, NY; and it is further

ORDERED that within 30 days of entry, plaintiff shall serve a copy of this decision/order upon defendants with notice of entry.

This constitutes the Decision/Order of the Court.

| 4/4/2024 | | ADAM SILVERA, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159259/2014  FLORICIC, DAVOR DAVID vs. CITY OF NEW YORK**
**Motion No.  012**

Page 4 of 4

[* 4]